## MILLER *v.* DUKES *et al.*

Under a devise of land to the testator's widow for her life, with remainder to four named children, " to them and their heirs forever," but if any of them should die without heirs " then such share or such shares to go to and belong to the survivors of these above mentioned," the title to the interest of one of the four remaindermen (H.) vested, upon his death unmarried and childless, in the survivors of the four remaindermen named in the will; and the child of one of those four, who had died before the death of H., took no interest.

No. 1640.	October 2, 1920.

Partition. Before Judge Graham. Treutlen superior court. August 19, 1919.

38

*George B. Davis,* for plaintiff in error.

*M. B. Calhoun,* contra.

BECK, P. J. Thomas M. Miller, testator, died in 1885. His will devised certain land to his widow for her life, with remainder to his four named children, viz: Missouri F. Miller, Ella B. Miller, David J. Miller, and Harden J. Miller. The language of the will is: "I give . . to my . . wife all of my home place [the land in dispute], . . and after [her death] to my . . children, . . Missouri F. Miller, Ella B. Miller, David J. Miller, and Harden J. Miller, and to them and their heirs forever; but [if] any of said children . . should die without heirs, . . then such share or such shares to go to and belong to the survivors of these above mentioned." Missouri died in 1895, leaving one child. Harden died in 1906, leaving no widow or child. Ella died in 1909, leaving a husband and two children. Julia, the widow of testator, died in 1917. David J. survived the widow, and is now in life.

The question in the case, under an agreed statement of facts, is, who took the interest, under the terms of the will, of Harden J. upon his death; that is, whether David J. (also referred to in the record as Joe D.) took it all, or whether he took one third interest therein, the child of Missouri one third, and the husband and two children of Ella the remaining one third. The trial judge, to whom the case was submitted for decision without a jury, held in effect that the latter theory was true; that is, that David J. was entitled to only one third of the interest of Harden J., that the child of Missouri was entitled to one third and the husband and two children of Ella took the remaining one third.

1. Applying the established principle that an estate of the character of the remainder created by the will vests absolutely at the earliest possible period, upon the death of Harden J. Miller without having married and without heirs (which should here be construed to mean children) his interest in the land devised in item 2 of the will as quoted above vested in the survivors of those mentioned in that item of the will as remaindermen.

2. Under the foregoing ruling, the child of Missouri F., she having died before Harden J. Miller, took no interest in the portion of the land devised to Harden J. under the will, but the title to that portion became vested in the two survivors, to wit, Ella

and David J.  Consequently the court erred in rendering a judgment awarding a part of the land to Thomas Wilkes, the child of the testator's daughter, Missouri F Wilkes, formerly Missouri F. Miller.            *Judgment reversed.  All the Justices concur.*