## DANIEL v. DANIEL et al.

1. The bill of exceptions was not subject to dismissal for lack of a sufficient assignment of error. *Patterson* v. *Beck*, 133 *Ga.* 701 (66 S. E. 911).

2. Where a testator devised certain land to his widow for life, with remainder over to his four sons, Isham, Edwin, John, and James, and also devised another tract of land directly to the sons, with the added words: " should either of said sons die without issue, then their portion of all the lands given them shall go to the survivor of said four sons or their heirs, share and share alike," such devise " vested in each one of the four sons named a defeasible estate in fee, subject to be defeated upon his death without issue." And where in such case Edwin died without issue, his share in the land devised vested in the three surviving brothers in remainder in fee; and where such share was divided into three parts between the three surviving brothers, who went into possession of their respective shares, a judgment creditor of one of the three (James) could sell his fee-simple interest in such land, and a purchaser for value at the duly authorized sheriff's sale of such interest would secure a good title thereto as against a surviving brother (John) and the children of a deceased brother (Isham), who sued to recover the land so sold at sheriff's sale. Accordingly, it was error for the court, to whom was submitted the case upon an agreed statement of facts without the intervention of a jury, to find in favor of the plaintiffs against the defendant for the land in controversy.

No. 2664.    FEBRUARY 14, 1922.

Complaint for land. Before Judge Roop. Heard superior court. April 30, 1921.

*W. C. Wright* and *A. H. Freeman,* for plaintiff in error.

*S. Holderness,* contra.

HILL, J. John Daniel died testate in Heard County about 1870, leaving a wife, Dovey, and four sons, Isham, John, Edwin, and James Daniel. The will devised to the wife, for her sole and separate use and for her occupation and maintenance during her natural life, certain mill property together with the toll, rent, and all income from the mill, to belong to and be the property of his wife. In like manner he devised to his wife the settlement of land whereon he lived, with the mill situated thereon; and all rent, tolls, income and profits of the lands and mill were likewise bequeathed to the wife. That portion of the last-named land that his four named sons were cultivating, testator provided should belong to them free from rent. His wife was to have control of forty acres of cleared land on the west side of the Chattahoochee river and all cleared lands on the east side of the

river during her natural life, together with the income from the same. The testator devised, at the death of the wife, " all of said lands and mills above mentioned to my said four sons, Isham, Edwin, John, and James, share and share alike." By item 5 of the will it was provided: " I direct that my four sons named in the third item of this will have also a pine lot of land I own near the John Crosby place, which makes the mill lands on the Chattahoochee river contain eleven hundred acres of land. Should either of my said sons die without issue, then their portion of all the lands given them shall go to the survivors of said four sons or their heirs, share and share alike." The wife and all four sons were in life at the date of the death of the testator. The widow died in 1875. Edwin, one of the sons, died in 1895 and left no issue; but his three brothers Isham, John, and James L. (the same as James in the will), were in life at the time of the death of Edwin. James died on May 6, 1911, without issue, in possession of the premises sued for in this case. The land sued for by plaintiffs, Estelle Daniel et al., containing 115 acres, more or less, is a part of the same 1100 acres of land devised by the will of testator to his wife for life, with remainder to the four sons named above. After the death of the son Edwin without issue, a petition for partition was filed in the superior court of Heard county by James and Isham Daniel against the other tenants of common, in which it was alleged that James owned one third of the share in the lands devised to Edwin by the will; and by the return of the commissioners appointed to partition the lands the fractional lot involved here was awarded and set off to James Daniel as his share in the lands bequeathed by testator, by reason of the death of his brother Edwin without issue. Certain creditors of James sued out an attachment against him, and the land levied upon by the sheriff was taken possession of, duly advertised, and sold by the sheriff at public outcry in 1899, and was purchased by the defendant, John W. Daniel, and a sheriff's deed, dated June 6, 1899, was executed and delivered, conveying to him the fractional lot of land in controversy. John W. Daniel at once took possession of the land, and up to the filing of the present suit has been in the actual, quiet, peaceable, adverse, exclusive, uninterrupted, and notorious possession of the land. The rents of the land are of the yearly value of $50.

The case was submitted to the judge upon the above agreed statement of facts, without the intervention of a jury, who rendered an opinion that upon the death of Edwin in 1895 without issue "his interest in the estate determined, and became vested in said three surviving brothers, Isham, John, and James, as a gift under the will, and not by inheritance from Edwin. Therefore, if they took Edwin's interest under the will, as a gift from the testator, they took it subject to the provisions of the will to the effect that ' should either of my said sons die without issue, then their por- tion of all of the lands given them shall go to the survivors of said four sons or their heirs, share and share alike;' accordingly James Daniel took an undivided one-third interest of Edwin's portion, subject to be defeated by the death of James without issue. The fact that Edwin's one fourth was partitioned, as suggested might be done by the Supreme Court in *Daniel* v. *Daniel,* supra [102 *Ga.* 181], does not change James' interest in the land; so when the land in dispute was sold as the property of James Daniel, the defendant acquired only such title as James Daniel 'had; and upon the death of James in 1911 without issue, defendant's interest in the land determined and became vested in plaintiffs, John Daniel, a surviving brother of James, taking an undivided one-half interest therein, subject to be defeated by his death without issue, and the other plaintiffs, the children of Isham Daniel deceased, taking an absolute and indefeasible estate, in the other undivided one-half interest." To this judgment the defendant excepted.

The will under review was before this court for construction on a former occasion. See *Daniel* v. *Daniel,* 102 *Ga.* 181 (28 S. E. 167). It was then held, that, construing items 3 and 5 of the will together, the items now under consideration, each of the four sons named took an estate in fee in the land described in those items, but that such estate was not absolute and indefeasible, and was subject to be defeated by the death of the tenant without issue. It is insisted by the plaintiff in error that when Edwin Daniel died without issue his interest or share under the will of testator, being an undivided one-fourth interest in the land, determined and passed to his three surviving brothers, Isham, John, and James, and that the one-third share of James on a division of Edwin's share without issue became the property of

James absolutely, and was not subject to be defeated by his death without issue. A will very similar to the one under consideration was before this court in the case of *Miller* v. *Dukes*, 150 *Ga.* 593 (104 S. E. 425). In that case the language of the will was: " I. give .· . to my . . wife all of my home place [the land in dispute], . . and after [her death] to my . . children, . . Missouri F. Miller, Ella B. Miller, David J. Miller, and Harden J. Miller, and to them and their heirs forever; but [if] any of said children . . should die without heirs, . . then such share or shares to go to and belong to the survivors of these above mentioned." The facts were: " Missouri died in 1895, leaving one child. Harden died in 1906, leaving no widow or child. Ella died in 1909, leaving a husband and two children. Julia, the widow of testator, died in 1917. David J. survived the widow, and is now in life." The question presented in that case, under the terms of the will, was, who took the interest of Harden upon his death; and it was held that the title to the interest of one of the remaindermen who died unmarried and childless vested in the survivors of the four remaindermen named in the will. Mr. Presiding Justice Beck, in delivering the opinion of the court in the *Miller* case, said, " Applying the established principle that an estate of the character of the remainder created by the will vests absolutely at the earliest possible period, upon the death of Harden J. Miller without ˎhaving married and without heirs (which should here be construed to mean children) his interest in the land devised in item two of the will as quoted above vested in the survivors of those mentioned in that item of the will as remaindermen." And so we are of opinion in the present case that when Edwin Daniel died without issue, Edwin's interest in the land devised by items 3 and 5 of testator's will, set out in the foregoing statement of facts, vested in the three surviving brothers of Edwin, viz., Isham, John, and James Daniel, as remaindermen under the will of testator. Having arrived at this conclusion as to the proper construction of the will of John Daniel, it follows that when Edwin's share, upon his death without issue, was divided between his three surviving brothers, and James, one of the brothers, came into possession, as his share, of the land in controversy here, and when that land was levied upon under an attachment issued against James, and was duly advertised and

sold as the land of James, the purchaser, John W. Daniel, at said sale obtained a good title thereto; and consequently the court below erred in finding, under the agreed statement of facts and items 3 and 5 of the will of testator, that the plaintiffs were entitled to recover the land in controversy from the defendant, John W. Daniel. *Judgment reversed. All the Justices concur.*