## WILBUR *et al.* *vs.* McNULTY *et al.*

[Jackson, C. J., being disqualified, Judge Roney, of the Augusta Circuit, presided in his stead.]

In 1857 a deed was made, whereby certain realty was conveyed upon the following trusts: "Upon condition and trust, nevertheless, that the said Levi W. Bates will permit Eunice Copp, wife of me, the aforementioned Daniel D. Copp, to hold and possess the same during her natural life, and to receive the rents, issues and profits thereof during her said life, not subject to the debts, contracts or engagements of her present or any future husband with whom she may intermarry; and from and after the death of the said Eunice, in further trust that he, the said Levi W. Bates, his heirs, executors, administrators, will convey the same to the children of the said Eunice, share and share alike, if more than one, to them, their heirs and assigns forever, free from any trust; and in default of any such children, then in further trust to convey the same to such person or persons as the said Eunice may direct by her last will and testament, or by instrument in the nature thereof, to be signed in the presence of three or more credible witnesses; and in default of such direction and appointment, then in the further trust to convey the same to such person or persons as may be entitled thereto, according to the provisions of the statute of distribution of the state of Georgia, and to and for no other use, intent and purpose whatsoever; and it is mutually covenanted and understood by and between the parties to these presents, that it shall be lawful for the said Levi W. Bates, upon the written request of the said Eunice, to be signed in the presence of two or more credible witnesses, to sell and dispose of the aforementioned premises to such purchaser or purchasers, and upon such terms as may seem to him most advantageous, for the interests of the trust, he, the said Levi W. Bates, or his successor in the trust, investing and preserving the proceeds upon the same uses and trusts as are hereinafter specified, and in such manner as may

seem to him, in the exercise of a fair and reasonable discretion, to be beneficial to the interest of the trust, but the purchaser or purchasers shall not be bound to look to such re-investment."

This deed appeared to be a re-investment under a deed of trust made in 1840 upon exactly the same trusts. In 1840, the wife (Eunice) had but one child. In 1857, when the second trust deed was made, she had five children. In 1883, she died, leaving one child surviving. The trustee conveyed the property to this child; and the husbands and children of daughters who died before the life tenant, but after the making of the deed in 1857, filed their bill claiming a remainder interest:

*Held*, that the deed conveyed the fee to the trustee, to hold for the use of the grantor's wife for life, and with remainder to her children. The children living at the date of the delivery of the deed took a vested remainder, subject to open upon the birth of other children and admit them also as remaindermen in fee; but such children as might die before the life tenant were not divested of their interest, and their children would be entitled to take in their stead.

February 9, 1886.

Deeds. Estates. Trusts. Title. Remainders. Before Judge ADAMS. Chatham Superior Court. March Term, 1885.

Reported in the decision.

JACKSON & WHATLEY; JACKSON & KING, for plaintiff in error.

J. R. SAUSSY; GARRARD & MELDRIM, for defendants.

RONEY, Judge.

On the first day of October, 1857, Daniel D. Copp conveyed to Levi W. Bates the land and premises in dispute, under the following trust set forth in the deed—that is to say:

"Upon condition and trust, nevertheless, that the said Levi W. Bates will permit Eunice Copp, wife of me, the aforementioned Daniel D. Copp, to hold and possess the same during her natural life, and to receive the rents, issues and profits thereof during her said life, not subject to the debts, contracts or engagements of her present or any

future husband with whom she may intermarry; and from and after the death of the said Eunice, in further trust that he, the said Levi W. Bates, his heirs, executors, administrators, will convey the same to the children of the said Eunice, share and share alike, if more than one, to them, their heirs and assigns forever, free from any trust; and in default of any such children, then in further trust to convey the same to such person or persons as the said Eunice may direct by her last will and testament, or by instrument in the nature thereof to be signed in the presence of three or more credible witnesses; and in default of such direction and appointment, then in further trust to convey the same to such person or persons as may be entitled thereto, according to the provisions of the statute of distribution of the state of Georgia, and to and for no other use, intent and purpose whatsoever; and it is mutually covenanted and understood by and between the parties to these presents, that it shall be lawful for the said Levi W. Bates, upon the written request of the said Eunice, to be signed in the presence of two or more credible witnesses, to sell and dispose of the aforementioned premises to such purchaser or purchasers, and upon such terms as may seem to him most advantageous for the interests of the trust, he, the said Levi W. Bates, or his successor in the trust, investing and preserving the proceeds upon the same uses and trusts as are hereinafter specified, and in such manner as may seem to him, in the exercise of a fair and reasonable discretion, to be beneficial to the interest of the trust, but the purchaser or purchasers shall not be bound to look to such re-investment."

Levi W. Bates accepted the trust, took charge of the trust estate, and assumed the burdens thereof.

The trust in this deed was identical with the trust declared and established in and by a certain indenture made on 16th November, 1840, between Ralph King and the said Levi W. Bates, as trustee, in the conveyance of lot number 10, Columbia Ward, in the city of Savannah. Lot number 10, Columbia Ward, was sold by said Bates, trustee, pursuant to the powers in said deed, on the first of October, 1857, and the deed conveying the property in dispute was made by said D. D. Copp to said Bates, trustee, on the same day, and subject to the exact terms of the trusts as originally declared in the conveyance of King to Bates. At the time of making the first trust deed, the only child of the said D. D. Copp was Mary E. Wilbur, and all the other children of said Eunice Copp were born subse-

quently to the date of said deed. Eunice Copp died 27th February, 1883, leaving one child, Mary E. Wilbur. On the 2d July, 1883, Levi W. Bates, trustee, conveyed the property in dispute to Mary E. Wilbur, in pursuance of the trust deed.

November, 1884, Eva Fedora McNulty, Florence Eloise McNulty, Aaron Wilbur McNulty, Alexis Copp McNulty, Louis Frank McNulty, minors, by their next friend, Alexis McNulty, and Alexis McNulty and James H. Newman, filed their bill against Mary E. Wilbur and Levi W. Bates, trustee, praying that the deed of Bates, trustee, to Mrs. Mary E. Wilbur be set aside, claiming that a remainder in fee in the property vested in all of the children of Copp, upon the delivery of the trust deed from him to Bates of October, 1857. Two of the complainants, Alexis McNulty and James H. Newman, are husbands of the daughters of the said Daniel D. and Eunice Copp, who died, as before stated, before the life tenant, and the other complainan's are the children of said deceased daughters—that is to say, grandchildren of the said Eunice. The bill further alleges that, at the time of the execution of the deed from Daniel D. Copp to Levi W. Bates, trustee, of October 1st, 1857, "the said Eunice had five children in life, who were also the children of Daniel D., namely, Mary E. Wilbur, formerly Copp, Margaret Fedora, who afterwards intermarried with Junius C. McNulty, Louisa Waldo, who afterwards intermarried with Alexis McNulty, Charles J. Copp and Sarah S. Copp, who afterwards intermarried with James H. Newman; and there were no other children born of the said Eunice Copp." The bill concludes with a prayer for partition of the property in dispute, and an accounting for rents and profits since the death of Eunice Copp.

The answer of the defendants admitted all the facts set forth in the bill.

The case on the bill and answer was, by agreement, submitted to the presiding judge, without the intervention of

a jury, who decided that the complainants were entitled to the relief prayed for, and decreed accordingly. This ruling of the judge was excepted to as error, and brought here for review.

The question made by the record in this case is the construction of the trust deed and the particular estates passing thereunder.

Plaintiffs in error contend that, upon the delivery of the deed to Bates, trustee, a fee-simple estate passed to said trustee, and vested in him until the death of Eunice Copp, and that the trust was executory until that time; that, upon the death of Eunice Copp, Mary E. Wilbur being the only living child of said Eunice, by the terms of the deed, no remainder interest vested in any one until the death of Eunice Copp, and the trustee was required to convey the property in dispute to the said Mary E., and that the children of her deceased sisters, grandchildren of Daniel D. and Eunice Copp, are not entitled to the several shares which, if their ancestors had been living at the date of the death of Eunice, would have come to them under the terms of the trust.

The grandchildren claim a remainder in fee, not dependent upon the termination of the particular estate, and that the remainder vested, at the time of the execution and delivery of the deed to the trustee, their ancestors being in life at that time.

Under the words of the deed creating the trust, was the remainder contingent and the trust executory, or was it vested and the trust executed upon the delivery of the deed to the trustee?

If the remainder was contingent—dependent upon the children of Daniel D. and Eunice Copp being in life at the death of the life tenant, Eunice,—then it is clear that, if they died before the life tenant, their offspring would be excluded. If, however, a remainder in fee vested upon the delivery of the deed, then the children of the deceased parents are entitled to recover.

An estate in remainder is one limited to be enjoyed after another estate is determined, or at a time specified in the future. Code, §2263. No particular estate being necessary to sustain a remainder under this Code, the defeat of the particular estate for any cause does not destroy the remainder Code, §2264. A vested remainder is one limited to a certain person, at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen. Code, §2265. An estate is vested when there is an immediate right of enjoyment, or a present fixed right of future enjoyment. It is the present capacity of taking effect in possession, if the possession were to become vacant, that distinguishes a vested from a contingent remainder. 4 Kent's Comm., 202; 5 Wallace, 288.

Had the parents of these children been in life at the death of the life tenant, their right to take under the trust would be unquestioned. So we think that, as the parents were *in esse* when the deed was executed and delivered to the trustee, their rights to the property in dispute became vested, and their dying before the life tenant did not defeat the rights of their children to their several distributive shares.

The trusts in the deed of October 1st, 1857, are identical with the trusts of the deed of November 16th, 1840, of King to Bates, trustee, and the property in dispute was clearly a re-investment of the proceeds of the trust property conveyed by the deed of November 16th, 1840; so that, to understand the meaning of the trusts, and to properly arrive at the intention of the parties and the true construction of the trust, we must look to the circumstances surrounding the parties at the time of the creation of the trust. Surrounding circumstances may be looked to to aid in construing contracts, wills, etc. Code, §§2456, 3804. At the time of the creation of the trust, Mrs. Copp had only one child; all the other children were born between the dates

of the first and the second deeds to Bates, trustee. This explains the expression in the deed, " to the children of the said Eunice, share and share alike, if more than one." Upon a fair construction of the words made use of in declaring the trust, the intention of the parties, we think, was to convey the fee to the trustee, to hold for the use of Eunice Copp for her life, with a remainder to her children, if " more than one." The child living at the date of the delivery of the deed took a vested remainder, subject to open, upon the birth of other children, and admit them also as remaindermen in fee; and consequently, there being nothing in the trust to divest such children as might die in the lifetime of the life tenant, their children are entitled to such interests as their parents would have taken, if alive, at the death of the life tenant.

To sustain this construction, we think the authorities are abundant, and cite the following: In 4 Johnson's Reports, 61, P. devised land to his daughter C. " during the term of her life, and immediately after her death, unto and among all and every such child and children as the said C. shall have lawfully begotten at the time of her death, in fee simple, equally to be divided between them, share and share alike." It was held that the four children of C. who were living at the time of the devise, and at the death of the testator, took a vested remainder in fee, and that in case there had been any children born afterwards, the estate would have opened for their benefit; and that the children of a daughter of C., who died in the lifetime of her mother, were therefore entitled to the share of their parent, who was living at the death of the testator.

In the case of *McGinnis vs. Foster*, 4 *Ga.*, 377, Robert Foster made his will as follows: " I give and bequeath unto my beloved wife, Celia Foster, all of my estate, both real and personal . . . during her life or widowhood. In case my wife should die or exchange her situation by marriage, it is my will that a sale be made of all my property, . . . and the proceeds be equally divided among

my children." Celia Foster, a daughter of the testator, intermarried with Stephen W. McGinnis after the death of her father, and died before her mother, leaving one child. "Held, that the children of Robert Foster, who survived him, took at his death a vested remainder estate, and that McGinnis, the husband of Celia, is entitled, as her administrator, to receive her share of said property."

In *Olmstead vs. Dunn et al.*, 72 *Ga.*, 850, Chief Justice Jackson, delivering the opinion, clearly lays down the same doctrine, and quotes approvingly the case of *McGinnis vs. Foster.*

See also *Vickers vs. Stone*, 4 *Ga.*, 461; *Adams vs. Guerard*, 29 *Ga.*, 651; 2 Jarman on Wills, (new ed.) 416, *et seq.*; 7 Metc., 375; 10 Pick, 463; 24 N. Y., 465.

Sound policy, as well as practical convenience, requires that titles should be vested at the earliest period; and it has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given by will or deed, should always be regarded as vesting immediately, unless the intention is clearly to the contrary. 113 U. S. Reports, 378; Code, §2268.

Remainders may be created for persons not in being, and if a vested remainder, it opens to take in all persons within the description coming into being up to the time of the enjoyment commencing. Code, §2268.

It was earnestly contended before us by learned counsel for plaintiff in error that, under the terms of the trust, no remainder vested in the grandchildren of Daniel D. and Eunice Copp, because the trust was executory; that the trustee was directed, after the death of the said Eunice, to convey the property to the children of Eunice Copp. This direction, we hold, in no manner affected the estates of the children nor made the trust executory. "When one conveyance to a trustee directs him to make another of the same kind to a third person, equity will dispense with the second conveyance, if the first will produce precisely the same result, operating as a conveyance under the stat-

ute of uses." 29 *Ga.*, 651. So in this case we hold that there was nothing needful to be done by the trustee, and that the office of trustee was ended by the death of Mrs. Copp. The trust deed operated as a valid conveyance, and conveyed the title as effectually as if made by the trustee after the death of the life tenant. The main object of the trust seems to have been to protect the property from the debts and contracts of the husband, and not to defeat the rights of any of the children or their representatives.

Let the judgment of the court below be affirmed.