## McDONALD *v.* TAYLOR *et al.*

1. A will devising to J. described land "to belong to her during her natural life and at her death to her son W., if living," gives to W. a vested remainder, but the same is subject to be devested upon his dying before the termination of the life-estate.
2. Where the owner of a life-estate and an undivided one-seventh interest in fee conveys to another an interest in the property described as "the life-interest, and estate" of the grantor, such language will not be suffi-

cient to pass to the grantee the undivided one-seventh interest in fee, when construing the deed as a whole it is manifest that the grantor intended to convey the life-estate only.

Argued February 13, — Decided March 17, 1899.

Complaint for land. Before Judge Felton. Crawford superior court. March term, 1898.

*M. G. Bayne*, for plaintiff.
*R. D. Smith* and *Guerry & Hall*, for defendants.

COBB, J. McDonald brought suit in the superior court of Crawford county against James Taylor and another, to recover a tract of land. Upon the trial the following facts appeared: Willis Taylor died testate, one of the items of his will being as follows: "I give and bequeath to my daughter Julia Murray [the land in dispute] to belong to her during her natural life, and at her death to her son William F. Murray, if living." After the death of her husband Julia Murray intermarried with McDonald, the plaintiff. At the time of this marriage William F. Murray and Frances Murray, children of Julia Murray, were in life. William F. died in 1882, and Frances died some time before. On October 19, 1889, Mrs. McDonald executed a deed to James Taylor, one of the defendants, in which she conveyed "the life-interest, and estate of said Julia A. McDonald in" the land in dispute, the consideration of the deed, in addition to a nominal consideration, being that James Taylor was "to pay to the said Julia A. McDonald on the 1st day of Oct., 1890, and on the first day of Oct. of each subsequent year for and during her natural life, 1,100 lbs. of middling lint-cotton ginned and packed and delivered to her in the city of Macon, Ga. And also the said Taylor is to furnish the said Mrs. Julia A. McDonald with a house to live in during her natural life. The said Taylor to furnish for the year 1890 the house known as the Dr. V. S. Holton house in Taylor, Georgia; and if at the end of that year she is dissatisfied and wishes to leave said house, the said Taylor agrees to build another two-room house on lot No. 132, near where said Julia A. McDonald now resides; and the said Julia A. McDonald is to have free access to the orchard on her old home place, and also to the orchard of the said James

Taylor." The deed also contained the following clauses: "The said James Taylor, his heirs and assigns, to hold the said bargained premises in fee simple for and during the natural life of the said Julia A. McDonald; and the said Julia A. McDonald the said interest, and estate in said land unto said James Taylor, his heirs, executors and administrators, will and does hereby warrant and defend." Mrs. McDonald died in October, 1895. Willis Taylor died in 1869, leaving children and descendants of children, there being seven shares in his estate. All of these except Julia McDonald have conveyed their interest in the estate of their ancestor to James Taylor, and he holds also whatever interest of Julia McDonald passed under the deed above referred to. The plaintiff is the sole heir of Mrs. McDonald. The judge directed a verdict for the defendant, and the plaintiff excepted, assigning as error that the court erred in not directing a verdict for the plaintiff for the whole land, and in not directing a verdict for the plaintiff for a one-seventh interest in the land.

The estate which William F. Murray took under the will of his grandfather was a vested remainder, subject to be devested by his death before the death of the life-tenant. Civil Code, § 3100; *Bowman* v. *Long*, 23 *Ga.* 242; *Hudgens* v. *Wilkins*, 77 *Ga.* 555. Upon the death of William F. Murray there was a reversion to the estate of the testator. As this took place in the lifetime of the life-tenant, Mrs. McDonald, an undivided one-seventh interest in the land vested in her as an heir at law of her deceased father. Upon her death without children, title to this interest in her father's estate vested in her husband as her sole heir. It is contended, however, that Mrs. McDonald had conveyed all of her interest in the land to the defendant James Taylor by the deed which is above referred to. It is argued that the expression in the deed, "life-interest, and estate of said Julia A. McDonald," is broad enough, not only to include the life-interest of Mrs. McDonald, but also her estate in reversion as an heir at law of her father. As Mrs. McDonald was at the date of the deed the owner of both the life-estate and one-seventh interest in fee, the language above quoted supports with some degree of plausibility the contention of

counsel.   But the difficulty about their position is that this is
not all that the deed contains.   It is distinctly provided there-
in as a part of the consideration that a certain amount of cot-
ton shall be delivered by Taylor to Mrs. McDonald each year
during her natural life; and the habendum and warranty
clauses of the deed demonstrate clearly that it was her inten-
tion to convey her life-estate only.   Such being the case, the
plaintiff has shown title in himself to a one-seventh interest in
the land sued for, and is entitled to recover that interest.   It
was therefore error to direct a verdict in favor of the defend-
ant for all of the property.

*Judgment reversed.   All the Justices concurring.*