## FIELDS v. LEWIS et al.

A deed made in 1879 conveyed property unto the grantor's wife and his four named children and such other children that may be born of the marriage, "for her sole and separate use during her life, and, on her decease, to such child or children or representatives of child or children as above mentioned or that she may bring forth by the said [grantor] and leaves in life." One child was born after the execution of the deed. *Held*:

1. That the deed conveyed a vested remainder to all the grantor's children, subject to be devested as to the share of any child that might die before the life-tenant, leaving in esse at the life-tenant's death a child or children, who would take his or their deceased parent's share in remainder by representation.

2. That upon the death intestate of one of the grantor's children, a daughter, before the life-tenant, without leaving children, her share in remainder was not devested, and, there being no descendants of any children of hers, it passed to her husband as her sole heir.

Argued July 13, — Decided August 14, 1903.

Equitiable petition. Before Judge Evans. Emanuel superior court. October 21, 1902.

The petition was for partition between the plaintiff and the defendants as tenants in common under a deed (the material parts of which are set out in the following opinion), and to have the defendants account for rents and profits of the land conveyed, which they had received after the death of the life-tenant, the plaintiff claiming an undivided interest therein as sole heir and representative of his wife, Martha Lewis, one of the children named in the deed, who had died childless before the death of the life-tenant. The defendants claimed the property as remaindermen and purchasers from remaindermen under the deed. The petition was dismissed on demurrer, the court holding that Martha Lewis took only a contingent remainder under the deed, which did not pass to the plaintiff. The plaintiff excepted.

*G. H. Williams* and *James K. Hines*, for plaintiff.
*R. J. Williams* and *F. H. Saffold*, for defendants.

SIMMONS, C. J.   1. The deed under which both parties claim was made in 1879 by Joel J. Moring, of the one part, and " Emma E. Lewis and her minor children, to wit, Fannie E., Joel E., and Thomas F., and Martha Lewis and such other children as may be born unto her during coverture with her husband, Thomas M. Lewis, of the other part." Thomas M. Lewis is specified in the premises of the deed as the party furnishing the consideration. He is therefore the real grantor and donor; for, in legal effect, it is the same as though the deed had in the first place been made to him and then by him to the grantees mentioned. Heiskell *v.* Trout, 31 W. Va. 810, 8 S. E. 561. The habendum or granting clause, which discloses the nature of the estates which the grantees take, is " unto the said Emma E. Lewis, wife of the said Thomas M. Lewis, . . for her sole and separate use during her life, and, on her decease, to such child or children or representatives of child or children as above mentioned or that she may bring forth by the said Thomas M. Lewis and leaves in life." And, after describ-

ing the property, the tenendum is " to have and to hold the above-described property to her the said Emma E. Lewis and her minor children, to wit, Fannie E., Joel E., and Thomas F., and Martha Lewis, and such other children as may be born unto her during coverture with her said husband, Thomas M. Lewis, forever." The court below decided that the children of the grantor each took a contingent remainder, and that therefore Martha, one of such children, who died intestate before the life-tenant, without children had no interest in the property that could pass to the plaintiff in error as her husband and sole heir.

We think the decision of the court below was wrong. The remainder given to the unborn child or children was, of course, contingent until the birth of such a child, when the remainder given to the named children, if vested, would open to take in such after-born child. Civil Code, § 3103 ; *Wilbur* v. *McNulty*, 75 *Ga.* 464, 465. One child was born after the making of the deed. Therefore that child and the four named children thenceforth stood on an equal footing as to the estate in remainder. The controlling question then is whether these five children of the grantor took a vested or a contingent remainder. The granting clause is very loosely drawn, but there are rules of construction applicable to this deed which greatly tend to free the case from the apparent difficulty that is thrown about it by the loose phraseology of the drafts-man. Among such rules are : (1) That the intention of the donor in this case, if legal, must govern. *Rollins* v. *Davis*, 96 *Ga.* 109 ; *Thurmond* v. *Thurmond*, 88 *Ga.* 182 (1) ; *Maxwell* v. *Hoppie*, 70 *Ga.* 160 ; Civil Code, § 3673. (2) That " the construction which will uphold a contract in whole and in every part is to be preferred,. and the whole contract should be looked to in arriving at the construction of any part." Civil Code, § 3675, par. 3. (3) That " the rules of grammatical construction usually govern, but to effectu-ate the intention they may be disregarded ; sentences and words may be transposed, and conjunctions substituted for each other. In extreme cases of ambiguity, where the instrument as it stands is without meaning, words may be supplied." Civil Code, § 3675,. par. 5. (4) That " the law favors *vested* remainders, and it is an established rule that the court never construes . . [a remainder] to be *contingent* when it can be taken to be *vested.*" *Vickers* v. *Stone*, 4 *Ga.* 463. And (5) that where an instrument " is suscep-

tible of two constructions, the one favorable to vested and unfavorable to contingent remainders should be adopted." *McGinnis* v. *Foster*, 4 *Ga.* 382.

A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. Civil Code, § 3100. These conditions are fulfilled in the deed in this case; and if the life-tenant had died the day after the execution of the deed, there would have been children in esse, who were named in the deed as remaindermen, to take immediate possession of the whole property. A vested remainder may be absolutely or defeasibly vested. *Sumpter* v. *Carter*, 115 *Ga.* 899. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen. Civil Code, § 3100. There are no words of contingency annexed to the remainder given to the children of the donor, such as, that only those children in life at the death of the life-tenant shall take. The words of the granting clause in connection with the estate in remainder, to wit, " and, on her [the life-tenant's] decease, to such child or children," refer to all the children of the donor previously mentioned in the deed and who are repeated in the tenendum clause, viz., those named and any to be born,— and denote the time that they are to enjoy the possession of the property. All the succeeding words of the granting clause, viz., " or representatives of child or children, as above mentioned or that she may bring forth by the said Thomas M. Lewis and leaves in life," are words of *substitution*, showing, first, that if any named child of the donor dies before the life-tenant, leaving in esse at the life-tenant's death a child or children, the latter take their deceased parent's share by representation; and, secondly, that if any child of the donor born subsequently to the execution of the deed dies before the life-tenant, leaving in esse at the life-tenant's death a child or children, the latter also take their deceased parent's share by representation. The same result would have followed had this part of the granting clause ended with the words, " or representatives of such child or children as above mentioned," which are sufficient to include the children named and the children to be born. But as the draftsman added the immediately. succeeding words, which have reference to representatives of children to be born, he evidently used the previous word " mentioned " for *named*. Therefore, this *substitutional* part of the granting

clause is just the same as if the donor had said, "or representatives of child or children as above named, or representatives of child or children that she may bring forth by the said Thomas M. Lewis and leaves in life." This construction harmonizes the whole deed and gives effect to the general intent of the donor. And these clauses of substitution in behalf of the representatives of the donor's children form the only contingency that the donor mentions by which the right of his children to the possession of the property is made defeasible. "The defeasibleness of the right of possession or enjoyment does not make a remainder contingent, for to that every remainder affected with a divesting condition is subject." 20 A. & E. Enc. Law (1st ed.), 841. It follows, therefore, that the remainder to each of the donor's children was a vested remainder, subject only to be devested as to the share of that child who might die before the life-tenant leaving a child or children in esse at the life-tenant's death to take it by representation. *Hudgens* v. *Wilkins*, 77 *Ga.* 555; *Clanton* v. *Estes*, 77 *Ga.* 352, 358–360; McArthur *v.* Scott, 113 U. S. 377–381; Gibbens *v.* Gibbens, 140 Mass. 102, 54 Am. Rep. 453; 24 A. & E. Enc. Law (2d ed.), 389.

2. "A vested remainder subject to a divesting contingency has, until the contingency happens, all the incidents of an indefeasible interest; if the contingency never happens or becomes impossible, the estate becomes absolute." 20 A. & E. Enc. Law (1st ed.), 854; 6 A. & E. Enc. Law (2d ed.) 506; *Sumpter* v. *Carter*, 115 *Ga.* 899; and the cases last cited under the preceding paragraph. Martha Lewis, one of the grantor's children, who intermarried with Fields, the plaintiff in error, died before the life-tenant without leaving children. Thus the sole contingency upon which the remainder share could be devested was at an end, and hence her vested remainder share in an undivided one fifth part of the property in dispute was never devested, but remained an indefeasible asset of her estate. Consequently, upon her death intestate in 1893, before the time arrived for possessing her estate in remainder, this indefeasibly vested remainder share passed to her heir (Civil Code, § 3101), who was her husband, the plaintiff in error. Civil Code, § 3354.          *Judgment reversed. By five Justices.*