## BOYD *v.* SANDERS, executrix, *et al.*

FISH, C. J. Emeline M. Chapman was given by will a life-estate in certain lands, and at her death, the will declared, the land "shall pass, to and become the property in equal shares of the children or representatives of children (including Joseph L. Chapman) [the husband of Emeline] of the said Emeline Chapman." At the death of the testator, Emeline had six children in life, one of whom was Fannie Chapman, who subsequently married Suddeth. Fannie, after the death of the testator and during the life of the life-tenant, conveyed all her interest under the will to Sanders. Fannie died during the life of the life-tenant, Emeline, leaving children who survived the life tenant, one of whom was the plaintiff. *Held:* Whether the remainder estate in the children of Emeline be treated as vested, subject to be devested as to any child who might die before the termination of the life-estate, with a substitution of the representatives of such child in that event, or whether it be construed as a contingent remainder, the devise did not create an absolute and indefeasible vested estate in the children of Emeline. *Fields* v. *Lewis,* 118 *Ga.* 573 (45 S. E. 437); *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Bowen v. Hackney,* 136 N. C. 187 (48 S. E. 633, 67 L. R. A. 440).

(*a*) Where, during the continuance of the life-estate, one of the children of the life-tenant conveyed her interest, and died leaving children who were in life at the termination of the life-estate, the purchaser did not acquire a perfect title, but, after the death of the life-tenant, the children of such child would have a right of action.

(*b*) This case does not conflict with the decision in *Wilbur* v. *McNulty,* 75 *Ga.* 458, or that in *Crossley* v. *Leslie,* 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703), or *Burney* v. *Arnold,* 134 *Ga.* 141 (67 S. E. 712), when the difference in the language of the will involved in the present case, and that employed in the instrument under consideration in each of those cases, and the exact question involved in each are considered.

(*c*) The expression, "including Joseph L. Chapman, the husband" of the said Emeline Chapman (the life-tenant); does not alter this construction. It simply operated to include the husband as if he had been one of the children.                    *Judgment reversed. All the Justices concur.*
                                            FEBRUARY 23, 1914.

Complaint for land. Before Judge Jones. Hall superior court. January 22, 1913.

*J. M. Merritt* and *John J. & Roy M. Strickland,* for plaintiff.

*W. A. Charters* and *H. H. Dean,* for defendants.