*Arthur Heyman* and *A. H. Thompson,* contra.

---

DeVANE, administrator, *v.* YOUNG, guardian.

1. A testator by one item of his will directed that at the death of his wife all of the property of which he died possessed, and the increase thereof, should be retained and managed by his executor for the support and maintenance of his daughters that were then unmarried, and so long as they remained unmarried, until the last of his daughters should either die or marry. By another item the testator directed that " When my said beloved wife shall have died, should she survive me, and when all of my daughters shall have married or died, that all of the property then remaining to my said estate shall be equally divided, share and share alike, between my children; and in case any of my children shall have died leaving a child or children, then said child or children to stand in place of the deceased parent and draw that share to which said parent would have been entitled if in life." Under these items the testator's widow took an estate for life, and the daughters took an estate for life or as long as they were unmarried, and all the children of testator took a vested remainder at the death of testator in all of the property remaining after the death of the wife and when all of testator's daughters should have married or died, the share of any child or children subject to be divested on their dying without leaving child or children.

2. Accordingly, where suit was brought by the administrator de bonis non cum testamento annexo upon the estate of testator, against the guardian of one who held under deeds from the children of testator, including the last surviving daughter of testator, the trial judge, to whom was submitted the case on an agreed statement of facts, did not err, under the facts, in finding for the defendant against the plaintiff.

No. 3151. JANUARY 24, 1923.

Complaint for land. Before Judge Thomas. Brooks superior court. February 11, 1922.

C. R. DeVane as administrator de bonis non with the will annexed of the estate of Gartner Joyce, deceased, brought a complaint for land against H. A. Young, guardian of Edna E. Young. The case was submitted to the trial judge, without the intervention of a jury, upon the following agreed statement of facts: "C. R. De-Vane is the duly appointed administrator de bonis non with will annexed, upon the estate of Gartner Joyce, deceased. Gartner Joyce died testate in Brooks county, and his will was probated at the August term, 1883, of the ordinary's court of Brooks county, Georgia; and the copy of the will attached to the plaintiff's petition is a true and correct copy of the will. That under said will, T. B. Joyce was appointed executor, and qualified as such at the August term, 1883, of the court of ordinary of Brooks county, Georgia. That the said T. B. Joyce acted as such executor until the time of his death, which occurred in July, 1902. That there was no further administration upon the said estate until the appointment of C. R. DeVane, administrator de bonis non, on the 7th day of September, 1920. That at the time of the death of Gartner Joyce he was in possession of the land described in paragraph seven of the plaintiff's petition; that Hester Joyce the wife of Gartner Joyce, died in May, 1900; that Lucy Joyce died on the 5th day of December, 1915; that Elizabeth Joyce died on August 14, 1920, and that Mary Pike died on the 26th day of November, 1907; that these were the wife and the two single daughters and the married daughter, who was to be regarded as a single daughter, of Gartner Joyce, and who were to receive through the executor a support and maintenance out of the property of Gartner Joyce, as provided in item four of the will; that at the time of the death of Elizabeth Joyce on August 14, 1920, all of those who were to receive a support and maintenance out of said property under item four of the will had died; that Gartner Joyce had the following living children at the time of his death: J. D. Joyce, Mary Pike, T. B. Joyce, Elizabeth Joyce, Piety F. Byrd, Lucy Joyce, and Sallie Austin; that J. D. Joyce died on January 8, 1917; that T. B. Joyce died July 3, 1912; that Lucy Joyce died without children; that Piety F. Byrd died on June 19, 1916, without children, and that Sallie Austin is the only living child of the

testator; that J. D. Joyce and T. B. Joyce left children at the time of their death, who are now living. H. A. Young is the qualified guardian of Edna Young, who is an imbecile, and as such guardian is in possession of the two tracts of land described in paragraph seven of the plaintiff's petition; that the title to said land came into H. A. Young as guardian, or rather into Edna E. Young, his ward, by the deeds described in paragraph sixteen of the plaintiff's petition; that on July 23, 1902, J. D. Joyce, Sallie Austin, Piety Byrd, T. B. Joyce, Mary Giddens, Lucy Joyce, and Elizabeth Joyce executed and delivered to J. G. Joyce a deed to tract No. 1, described in paragraph seven of the plaintiff's petition, which deed was recorded in Book S, folio 225, records of deeds of Brooks County, Georgia, on February 18th, 1907. That J. G. Joyce immediately went into possession of said tract of land under said deed, in good faith claiming title thereto, and that on August 1st, 1907, the said J. G. Joyce sold said land to F. L. DeVane, and on January 3rd, 1911, the said F. L. DeVane sold said land to Mrs. Lucretia Young, and on October 14th, 1911, H. A. and Boswell Young made a deed to their two-thirds interest in said land to Edna E. Young; that H. A. and Boswell Young and Edna Young were the sole heirs at law of Mrs. Lucretia Young at the time of the making of the last-mentioned deed; that all of said deeds were properly recorded as set forth in paragraph sixteen of the plaintiff's petition, and that the possession of the said land was continuous in the said grantees in said deeds from the time that Gartner Joyce went into possession on July 23rd, 1902, up to the present, said possession being in good faith and adverse and said possession was under and by virtue of said deeds. That on January 9th, 1889, Hester Joyce, Lucy Joyce, T. B. Joyce, John Joyce, and Sallie Joyce executed and delivered to Piety F. Byrd a deed to the land described as tract No. 2 in paragraph seven of the plaintiff's petition, and the said Piety F. Byrd immediately went into possession of said land in good faith and held the same adversely, as did her successors in title, as will hereinafter appear; that on July 24, 1902, Piety F. Byrd executed and delivered to J. W. Byrd a deed to said land, and on the —— day of December, 1906, J. W. Byrd executed and delivered to R. A. Griffin a deed to said land, and on October 30, 1907, R. A. Griffin executed and delivered to F. L. DeVane a deed to said land, and on January 3,

1911, F. L. DeVane executed and delivered to Mrs. Lucretia Young a deed to said land, and on October 14, 1911, H. A. and Boswell Young executed and delivered to Edna E. Young a deed to their two-thirds interest in said land, the said three being the sole heirs at law of the said Mrs. Lucretia Young, that all of these deeds were recorded as set forth in paragraph sixteen of said petition, and the possession to said tract No. 2 was held continuously and adversely as above set forth, from January 9th, 1899, under said deeds. That the defendant has received the profits of said land from the 14th day of October, 1911, of the value of $——; that the possession of J. G. Joyce and his successors in title to tract No. 1 and of Piety F. Byrd and her successors in title to tract No. 2, has been continuous, uninterrupted, peaceable, adverse, and quiet, and under a claim of right, claiming under the above-mentioned conveyances; that said possession did not originate in fraud. All of the deeds under which the defendant and his predecessors in title claim are warranty deeds conveying fee-simple title."

The portions of the will of Gartner Joyce, necessary to a decision of the case, are as follows:

" 3. I desire and direct that all the property which I may be possessed of in my own right at the time of my death shall be taken charge of by my executor hereinafter mentioned, and judiciously and economically managed for the support of my beloved wife, Hester Joyce, for and during her natural life, and for such of my daughters as may be at that time unmarried, so long as they remain single.

" 4. I desire and direct that at the death of my beloved wife, Hester Joyce, provided she should survive me, that all of the property of which I may die possessed and the increase thereof shall be retained and managed by my executor hereinafter mentioned, for the support and maintenance of my said beloved daughters that are then unmarried, and that said property shall be retained for the exclusive benefit of such as remain unmarried, so long as they are unmarried, until the last of said daughters shall either marry or die. The true intent I have in this item is to secure a home and support for my wife during life and for my daughters so long as they remain unmarried.

" 5. In this my will I regard my daughter Mary Pike as unmarried and entitled to all benefits accruing to unmarried daughters under the fourth item.

" 6. I desire and direct that if my wife should die before me, then at my death they, my daughters, are to take in the same manner as they should at the death of my wife, had she survived me, as provided in item fourth.

" 7. I desire and direct that when my said beloved wife shall have died, should she survive me, and when all of my daughters shall have married or died, that all of the property then remaining to my said estate shall be equally divided, share and share alike, between all my children, and in case any of my children shall have died leaving a child or children, then said child or children to stand in the place of said deceased parent and draw that share to which said parent would have been entitled to if in life."

The trial judge found in favor of the defendant, to which judgment the plaintiff excepted upon the following grounds: " (*a*) Because the will of Gartner Joyce, which is the basis of the plaintiff's suit, left to Hester Joyce and her unmarried daughters a life-estate as shown by item three of the will. (*b*) Because the time of division of said estate, under item seven of said will, was not to take place until after the death of the wife of said testator, and not until after the death or marriage of all of his daughters, and that time was to determine who was to take under the will; and since the defendant acquired his title before the death of the last survivor on the life-estate, and his grantors having died leaving children prior to the death of the last beneficiary under said will, the deed under which the defendant holds is absolutely null and void. (*c*) Because it is clearly shown from the pleadings and the agreed facts that Elizabeth Joyce, daughter of testator, did not die until August 14, 1920, she being the last of the beneficiaries provided for under items three and four of said will. (*d*) Because it could not be determined until after the death of Elizabeth Joyce who should take according to item seven of said will, for the reason that item seven provides that after the death of the wife of said testator and after the marriage or death of all of his daughters, that all of the property *then remaining* in his estate should be equally divided share and share alike between his children, and, in case of any of his children dying and leaving a child or children,

that said child or children should stand in the place of the parent and draw the share of the parent which she would have been entitled to in life. (e) Because the facts show that at the time of the death of Elizabeth Joyce, J. D. Joyce and T. B. Joyce, who had signed deeds to the predecessors in title of the defendant, had died leaving children; and said deed is absolutely void as to the children of the said J. B. Joyce and T. B. Joyce. (f) Because the deeds under which the defendant is claiming were executed prior to the time of the vesting of title in the remaindermen, and some of those signing the deeds died prior to the time of the vesting of the title, leaving children."

*Bennet & Harrell* and *Weston & McCall,* for plaintiff.

*Branch & Snow,* for defendant.

HILL, J. (After stating the foregoing facts.) Item 4 of the will of Gartner Joyce is as follows: " I desire and direct that at the death of my beloved wife, Hester Joyce, provided she should survive me, that all of the property of which I may die possessed, and the increase thereof, shall be retained and managed by my executors hereinafter mentioned, for the support and maintenance of my said beloved daughters that are then unmarried, and that said property shall be retained for the exclusive benefit of such as remain unmarried, so long as they are unmarried, until the last of said daughters shall either marry or die. The true intent I have in this item is to secure a home and support for my wife during life and for my daughters so long as they remain unmarried." Item 7 of the will is as follows: " I desire and direct that when my said beloved wife shall have died, should she survive me, and when all of my daughters shall have married or died, that all of the property then remaining to my said estate shall be equally divided, share and share alike, between all my children; and in case any of my children shall have died leaving a child or children, then said child or children to stand in place of the deceased parent and draw that share to which said parent would have been entitled to if in life."

The trial judge, to whom was submitted the case on the foregoing statement of facts, rendered judgment in favor of the defendant, H. A. Young as guardian of Edna E. Young, against C. R. DeVane as administrator of the estate of Gartner Joyce, deceased. We do not know upon what theory the court below based

his judgment; but on argument here counsel for the defendant sought to uphold the judgment on the theory that the adverse holding of the defendant in error and those under whom he holds ripened into a prescriptive title as against "the contingent remaindermen," who are represented by the administrator; and that the executor of Gartner Joyce was clothed with the title to the property for two purposes: first, to support the widow and unmarried daughters of the testator during their lives; and second, he was to hold the title and the property intact until the death of the survivor of the wife and unmarried daughters, *at which time* the title to the property in remainder would vest in the children of the testator, and if any of them should be dead, in their children. It is argued, therefore, that the remainder was *contingent* upon the survival of the children of Gartner Joyce; and that it could not be known, until the death of the unmarried daughters of Gartner Joyce, who was to take the property, and therefore that this was not a legal estate vesting in the remaindermen, but "the trust was executory" at least until the death of the life-tenant, and that the interest of the remaindermen was equitable. It is argued, that, the title and right of possession being vested in the executor, and the predecessors in title of the defendant having entered into possession and held the land adversely for more than seven years during the life of the executor, and while he was still executor, the adverse possession ripened into a prescriptive title, not only against whatever interest the widow and single daughters might have had, but against any title which the children and grandchildren of the testator might have in remainder. On the other hand it is contended by the plaintiff (citing *Fields* v. *Lewis,* 118 *Ga.* 573, 45 S. E. 437, *Sumpter* v. *Carter,* 115 *Ga.* 893, 42 S. E. 324, 60 L. R. A. 274, and *Boyd* v. *Sanders,* 141 *Ga.* 405, 81 S. E. 205), that where during the continuance of the life-estate one of the children of the life-tenant conveyed his interest and died leaving children who were in life at the termination of the life-estate, the purchaser did not acquire a perfect title, but after the death of the life-tenant the children of such child would have a right of action.

But the view we take of this case is this: Under items 4 and 7 of the will of Gartner Joyce, his widow and unmarried daughters took a life-estate, with a provision that the executor should retain

and manage the property devised for their support and maintenance during their lives, or as long as they were unmarried, as provided in the will, with a vested remainder in all his children, subject to be divested on their dying without child or children. It will be observed that his children were in life at the time of the execution of the will. The title to the remainder interest therefore vested in the children, as above stated, on the death of the testator, but the possession was postponed until the death of the last life-tenant. Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen. Civil Code (1910), § 3676. Here the remainder was limited to certain persons upon the happening of a necessary event, that is, the death of the last life-tenant. The death of the life-tenants was a necessary event. Therefore it seems certain that the remainder created by the will comes within the definition of a vested remainder. The law favors the vesting of remainders in all cases of doubt; and in construing wills words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears. Civil Code (1910), § 3680. " In case of devise to two daughters for their lives, and, after their respective deaths, to child or children of daughters, remainder vested, at testator's death, in children then living, to be enjoyed at the death of surviving daughter, but subject to open and take in children born between time of vesting and time of enjoyment; all took per capita." Park's note to § 3680, citing *Olmstead* v. *Dunn*, *72 Ga.* 850 (2, 3). From the statement of facts it appears that Sallie Austin, the last life-tenant, joined in the deeds under which the defendant holds; and as it does not appear that she was not sui juris at the time when she signed the deeds, it will be presumed that she was. She is therefore bound by her deeds, and, relatively to her, the defendant would take whatever interest she had in the estate.

In view of the authorities cited and of what has been said, it it unnecessary to consider whether the executor was also a trustee with the title in him as such, as contended, against whom prescription will run. If the title to the remainder interest in the land vested in his children at testator's death, as we hold it did, then

they could dispose of their respective interests before the death of the life-tenants, with possession in the purchaser postponed until their death. But as all the life-tenants are dead except one; and as she has executed deeds to her interest, it follows that the defendant and those under whom she holds secured good title to the land, regardless of prescription; and that the trial judge did not err in finding in favor of the defendant.

*Judgment affirmed.   All the Justices concur.*