PALMER *et al. v.* ATWOOD *et al.,* trustees.

DUCKWORTH, Justice. 1. A grant to A and the heirs of his body, or his heirs by a particular person, or his issue, and similar expressions, conveys the absolute fee to A. Code, § 85-505; *Craig* v. *Ambrose,* 80 *Ga.* 134 (4 S. E. 1); *Griffin* v. *Stewart,* 101 *Ga.* 720 (29 S. E. 29); *McCraw* v. *Webb,* 134 *Ga.* 579 (2) (68 S. E. 324); *Stamey* v. *McGinnis,* 145 *Ga.* 226 (88 S. E. 935).

2. A grant to A and B for life, with remainder to a named person or class of persons, does not violate the rule against fee-tail estates. *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 554); *Rainey* v. *Spence,* 185 *Ga.* 763 (196 S. E. 416), and cit.

3. "Every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but, disregarding all technical rules, shall give effect to the intention of the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents; and if not, the court may hear parol evidence to prove the intention." Code, § 85-503. Where property was conveyed to named persons in trust for the use of the wife of the grantor "and her children by said" grantor, "for life," and on their decease to grantor's grandchildren or their representatives, it is clear that the grantor intended to expressly limit the estate granted to the wife and children to a life-estate; and the courts must give effect to that intention, if the property could legally be so conveyed. It is contended that the grantor used words of entailment when he conveyed the property to his wife "and her children by said" grantor for life, and therefore vested absolute title in the wife. Even assuming that the words used were words of entailment, there is no merit in this contention. A fee-tail is an estate of inheritance; and since the estate granted to the wife "and her children by the said" grantor was expressly limited to a life-estate, which is not an estate of inheritance, the rule against fee-tails was not violated. *Story* v. *First National Bank & Trust Co.,* 115 Fla. 436 (156 So. 101, 107); 1 Bouvier's Law Dictionary (Rawle's 3d ed.), 1200; 19 Am. Jur. 507, § 47.

4. Where by a deed dated August 4, 1866, a grant of property was made to named persons in trust for the use of the wife of the grantor "and her children by said" grantor, for life, "and on their decease to such child or children or representative of child or children as his said children may leave in life," such deed conveyed a life-estate to the wife and children of grantor, with remainder to the grandchildren of grantor or their representatives, as the case may be, who take as purchasers the

absolute fee. It follows that the verdict directed by the judge was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 12775. MAY 9, 1939.

*Tyson & Tyson,* for plaintiffs.
*Edwin A. Cohen* and *Paul J. Varner,* for defendants.