SHEDDEN *et al. v.* DONALDSON.

No. 17102.   JUNE 13, 1950.

78

*Alex C. King* and *W. T. Maddox*, for plaintiffs in error.
*Lanham, Parker & Clary*, contra.

ALMAND, Justice. The question before us is: What interest did E. E. Donaldson receive in the property devised under Item 8 of the will at the time of the testator's death? The plaintiff contends that his father took title to the remainder subject to being divested by his death prior to the death of the life tenant; and that, upon his father's death he, the plaintiff, as the sole surviving child, took an absolute title on the death of the life tenant. On the other hand, the defendants in the main brief contend that E. E. Donaldson, being in life at the death of the testator, took a vested remainder subject to being divested in the event he should die prior to the life tenant without leaving representatives surviving the life tenant; and that the testator, by the use of the words, "to the representatives of any that may be dead," used the word "representatives" as a word of limitation rather than one of purchase, so that when the life tenant and the remainderman joined in a deed conveying the property, the purchaser received an indefeasible fee. In their reply brief, they contend that E. E. Donaldson took either a vested remainder in fee, or a vested remainder subject to be divested upon his dying during the existence of the life tenancy without leaving a child who survived the life tenant; and that, he having died before the life tenant leaving a child who survived the latter, his

remainder share became indefeasible upon the death of the life tenant, and therefore the interest he conveyed to Ennis became indefeasible upon the death of the life tenant.

Code § 85-701 provides: "An estate in remainder is one limited to be enjoyed after another estate is determined, or at a time specified in the future. An estate in reversion is the residue of an estate, usually the fee left in the grantor and his heirs after the determination of a particular estate which he has granted out of it. The rights of the reversioner are the same as those of a vested remainderman in fee." Code § 85-703 defines a vested remainder as one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is defined as one limited to an uncertain person, or upon an event which may or may not happen.

The reports of this court contain many cases which deal with the question as to when is a remainder vested or contingent. As precedents these cases are of little value, for the words employed by the testator or grantor are not identical in any two cases, and the solution of each case is dependent upon the finding of the testator's or grantor's intent from the will or deed under review. However, in the reports of this and other courts may be found statements of legal principles that are helpful in finding a solution to the present case. In some cases, where the interest of the remainderman is contingent upon his surviving the life tenant, such interest is referred to as a vested remainder subject to be divested, or as a defeasible fee; and in other cases as a contingent remainder, the contingency being the survival of the remainderman after the life tenant's death. There will be found in *Fields* v. *Lewis*, 118 *Ga.* 573 (45 S. E. 437), and *Britt* v. *Fincher*, 202 *Ga.* 661 (44 S. E. 2d, 372), a clear elucidation of the principles which mark the distinction between vested and contingent remainders.

Chancellor Walworth, in Moore *v.* Lyons, 25 Wendell (N. Y.) 119, 143, in discussing the interest of a remainderman whose interest was contingent upon survival of the life tenant, said: "Where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidably happen by the efflux of time, *the remainder vests in*

*interest as soon as the remainderman is in esse and ascertained;* provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession."

Code § 85-708 directs us as follows: "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." Under this direction and in the light of the foregoing principles, we will now examine the will in order to ascertain the intention of the testator. It is clear that it was the intent of the testator that his daughter Nelia was to have a life estate in the property, and that at her death the propery would pass to such child or children as survived her, and to the representatives of any that may be dead. At the death of the testator, E. E. Donaldson, being in life, took a vested remainder subject to two contingencies: first, the remainder interest being subject to be opened to a child or children of Nelia born after the death of the testator; and second, contingent upon his surviving the life tenant. The absolute vesting of the remainder interest in E. E. Donaldson was contingent upon his surviving the life tenant; and upon his dying prior to the life tenant, his remainder interest passed under the terms of the will to his sole surviving child, the plaintiff, as remainderman by substitution, and such child, having survived the life tenant, took an absolute-fee title to the property. The testator, by the use of the words, "representatives of any that may be dead," meant the children of the remainderman who died prior to the life tenant. *Cushman* v. *Coleman,* 92 *Ga.* 772 (2) (19 S. E. 46); *Murphy* v. *Murphy,* 151 *Ga.* 438 (2) (107 S. E. 37). That the testator intended the word "representatives" to mean "children" is accentuated by the sentence which follows, "These latter [representatives] to take in place of deceased parents."

In this construction of item 8, we are supported by prior decisions of this court, where the testator or grantor used similar though not identical language in disposing of a remainder interest. In *Fields* v. *Lewis,* 118 *Ga.* 573 (supra), the grantor conveyed by deed certain property to his wife "for her sole and

separate use during her life, and, on her decease, to such child or children or representatives of child or children as above mentioned or that she may bring forth by the said [grantor] and leaves in life." It was held that the deed conveyed a vested remainder to all the grantor's children, subject to be divested as to the share of any child that might die before the life tenant, leaving in esse at the life-tenant's death a child or children, who would take his or their deceased parent's share in remainder by representation. In *Hudgens* v. *Wilkins*, 77 *Ga.* 555—where the testator devised all his lands that he died seized and possessed of in a certain county to his wife "during her natural life, for her to support herself and my children which may remain with her on the land, and after the death of my wife, this land to be equally divided between all my sons or their children; that is, if either of my sons should die before my wife does, leaving a child or children, then their child or children to draw their father's part of said land"—it was held that such devise created a vested remainder in the sons of the testator, subject to be divested if any son should die before his wife leaving a child or children, in which event such child or children should receive their father's part of the land. In *McDonald* v. *Taylor*, 107 *Ga.* 43 (32 S. E. 879), the will devised certain lands to J "to belong to her during her natural life and at her death to her son W., if living." It was held that W. took a vested remainder, subject to be divested upon his dying before the termination of the life estate. In *Boyd* v. *Sanders*, 141 *Ga.* 405 (81 S. E. 205), the testator devised certain lands to his wife for life, and at her death the will declared that the land "shall pass to and become the property in equal shares of the children or representatives" of children of the life tenant. At the death of the testator there were six children in life, one of whom, during the life of the life tenant, conveyed all her interest under the will to Sanders, and died subsequently during the life of the life tenant, leaving children who survived the latter. It was held that whether the remainder estate in the children of the life tenant be treated as vested subject to be divested as to any child who might die before the termination of the life estate, with a substitution of the representatives of such child in that event, or whether it be treated as a contingent remainder, the devise did not create an

absolute and indefeasible estate in the children of the life tenant, but that the purchaser from such child did not acquire a perfect title, and that after the death of the life tenant the children of such child would have a right of action against the purchaser.

We have examined the cases relied on by the defendants, such as *Chewning* v. *Shumate*, 106 *Ga.* 751 (32 S. E. 544), *Sumpter* v. *Carter*, 115 *Ga.* 893 (42 S. E. 324, 60 L.R.A. 274), *Crawley* v. *Kendrick*, 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643), *Crossley* v. *Leslie*, 130 *Ga.* 782 (61 S. E. 851), *Schley* v. *Williamson*, 153 *Ga.* 245 (111 S. E. 917), and *DeVane* v. *Young*, 154 *Ga.* 832 (115 S. E. 661), in support of their contention that E. E. Donaldson took a vested remainder, but in each of those cases the vesting of the remainder, under the provisions of the will or deed, occurred by the remainderman surviving the testator or grantor, or by reason of the happening of a specified contingency before the death of the life tenant. In *Crawley* v. *Kendrick*, supra, this court said: "Under the general or ordinary law of vested remainders, the descendants of deceased children, or grandchildren of the life tenant, do not take any portion of the remainder by representation or as purchasers, but only by descent where parents had a vested interest in such remainder during the lifetime of the life tenant. An exception to this rule is where the remainder is vested at the testator's death in the children, and is expressly made subject to divestment by their dying before the life tenant, leaving children, in which their descendants take their shares by representation as purchasers, as in the cases of *Clanton* v. *Estes*, 77 *Ga.* 353, 359, 360; *Hudgens* v. *Wilkins*, Ibid. 556, and *Fields* v. *Lewis*, 118 *Ga.* 573, 576-7." (P. 186.) In *Sumpter* v. *Carter*, 115 *Ga.* 893, 900 (supra), this court said: "It is only when the defeasible remainder interest of a testator's child, who dies before the life-tenant, is expressly given in that contingency to his children, that his deed made during the life-tenancy would not convey the absolute fee at the life-tenant's death as against his children surviving the latter period."

In the instant case, the vesting of the remainder in E. E. Donaldson was contingent upon his surviving the life tenant. Whether the remainder interest of E. E. Donaldson be treated

as vested subject to be divested by his dying before the death of the life tenant, with a substitution of the representatives of such child in that event, or as being a contingent remainder, makes no substantial difference, because the devise did not create an absolute or indefeasibly vested estate in E. E. Donaldson. So the purchaser of E. E. Donaldson's interest before the termination of the life estate would take exactly the same chance of enjoying the possession of the property as he did, and the risk would be no greater in one case than the other. Reilly *v.* Mackenzie, 151 Md. 216 (134 Atl. 502).

We therefore hold that the remainder interest of E. E. Donaldson, which he sought to convey during the life of the life tenant, came to an end when he failed to survive the life tenant, and an absolute title vested in Harry Donaldson, his only surviving child, at the death of the life tenant. Accordingly, there was no error in the judgment finding that Harry Donaldson was entitled to possession of the property and to mesne profits.

*Judgment affirmed. All the Justices concur.*