## 37837. HACK et al. v. WOODWARD et al.

HILL, Presiding Justice.

This case involves the construction of a deed which was executed in 1866 by Edward W. DeLegal in which he conveyed 660 acres of land known as "Delta Plantation" to named trustees "for the use, benefit, and advantage in trust for said Julia F. DeLegal [the grantor's wife] and her children by said Edward W. DeLegal, for life, . . . . [A]nd on their decease to such child or children or representatives[1] of child or children as her said children may leave in life. . . ."

The DeLegal deed was partially construed by this court in the case of *Palmer v. Atwood,* 188 Ga. 99 (3 SE2d 63) (1939). In *Palmer,* the trial court directed a verdict that the deed conveyed "a life-estate to Mrs. Julia D. Palmer, nee DeLegal, and all the children of Edward W. DeLegal and said Mrs. Julia D. Palmer, with remainder interest over to the grandchildren of said Edward W. DeLegal and Julie D. Palmer, nee DeLegal, in life at the termination of said life-estate, and to the representatives, if any, of those grandchildren who are not in life at the termination of such life-estate." *Palmer v. Atwood,* supra, 188 Ga. at 101. This court affirmed the trial court's construction.[2] Our task now is to determine the precise nature of the remainder interests

---

[1] The word "representatives" has been construed to mean "children." See, e.g., *Murphy v. Murphy,* 151 Ga. 438 (2) (107 SE 37) (1921); *Fields v. Lewis,* 118 Ga. 573 (1) (45 SE 437) (1903). There is no dispute that the grantor here intended this construction.

[2] No question as to the rule against perpetuities was raised in *Palmer v. Atwood,* supra.

conveyed to the grantor's grandchildren and their representatives.

The grantor died in 1877, survived by his wife and seven children. Only five of the grantor's children, Florence, Edward, Katherine, Fraysse and Jane, had children. Jane, the last surviving life tenant, died in 1973, survived by all four of her children. Florence was survived by her two children, one of whom predeceased Jane and left no surviving children. Edward was survived by his four children, two of whom predeceased Jane and left surviving children, and one who predeceased Jane and left no surviving children. Katherine was also survived by her four children, two of whom predeceased Jane and left surviving children. Fraysse was survived by his six children and all of them survived Jane. All the grantor's great-grandchildren survived Jane. Thus, the grantor had a total of twenty grandchildren, all survived their parents but six predeceased the last surviving life tenant, two of them without surviving children.

In 1958 and 1959, Charles Stebbins purchased the remainder interests in Delta Plantation of Carlton King (a child of Katherine) and five of the six children of Fraysse. King died in 1965, survived by two children. The executors of Stebbins' estate instituted this action in 1979 against the other remaindermen to enforce the interests in Delta Plantation acquired by Stebbins. The executors requested a determination of the parties' respective interests in the property, partition in accordance with that determination, and a distribution of rents collected by the other remaindermen.

The executors moved for summary judgment on the issue of the parties' interests in Delta Plantation, asserting that each of the grantor's grandchildren took a 1/20 remainder under the deed and, because Stebbins acquired six of the grandchildren's interests, his estate now owned 6/20 (3/10) of the property. The trial court ruled that each grandchild acquired his remainder per stirpes from his parents (1/5 of the property descending through each of the grantor's children) and that each grandchild's remainder was divested if he did not survive the last surviving life tenant, Jane. Accordingly, the court granted summary judgment, holding that Stebbins' estate had no interest in Delta Plantation by virtue of the purchase from King because King predeceased Jane, that each of Fraysse's six children took a 1/30 (1/5 ÷ 6) remainder interest, and, therefore, the executors own only 5/30 (1/6) of the property. The executors appeal these rulings.

1. The executors argue that the trial court's holding that each grandchild's remainder was divested if he did not survive all of the life tenants is contrary to the language of the deed and the strong statutory preference in Georgia for early vesting. See Code Ann. § 85-708. They contend that the remainders became indefeasibly

vested in each grandchild when he survived his parent-life tenant.[3]

We do not agree. Although the deed is ambiguous as to the grantor's intent, see fn. 3, this issue was decided adversely to the executors in *Palmer v. Atwood, supra,* where the deed was construed to create "remainder interests over to the grandchildren . . . *in life at the termination of said life-estate,* and to the representatives, if any, of those grandchildren who are *not in life at the termination of such life-estate."* 188 Ga. at 101. (Emphasis supplied.) The clear import of this construction is that the grandchildrens' remainders became indefeasibly vested only at the time fixed for distribution of the property, the death of the last life tenant.[4] Therefore, the trial court correctly determined that Carlton King's remainder was divested in favor of his children when he predeceased the last surviving life tenant and Stebbins' estate now owns no interest in the property by virtue of the transfer from King. *Boyd v. Sanders,* 141 Ga. 405 (a) (81 SE 205) (1913).

2. The executors also assert as error the trial court's holding that the grandchildren took their remainder interests per stirpes from their parents. They argue that the distribution should be per capita, with each grandchild taking an equal share.

A per stirpes distribution is a taking "by representation." 1 Redfearn, Wills, Ga., § 143 (4th ed.). The deed in this case makes a gift-over of a remainder to the "representatives" of those grandchildren who do not survive until the death of the last life tenant. Thus, we agree with the trial court that the distribution of the default grant to the representatives of deceased grandchildren is per stirpes.

However, the trial court erred in ruling that the grantor's grandchildren also take their remainder interests per stirpes. The deed indicates only that a per stirpes distribution shall occur as to the

---

[3] The executors argue that the language "to such child or children or representatives of child or children *as her said children may leave in life* . . ." (emphasis supplied), should be construed to indefeasibly vest each grandchild's remainder when he survived his parent. However, the full phrase reads *"and on their* [the life tenants'] *decease* to such child or children or representatives of child or children *as his said children may leave in life. . . ."* (Emphasis supplied.) We find this creates an ambiguity as to whether the remainderman was to survive his own parent-life tenant or survive until the time of distribution (the death of the last surviving life tenant).

[4] The divesting condition of the deed as construed in *Palmer v. Atwood, supra,* is the death of a grandchild prior to the termination of the life estate. Thus, the remainders of those grandchildren who died prior to the termination of the life estate and left no children are divested. Compare *Witcher v. Witcher,* 231 Ga. 49 (200 SE2d 110) (1973).

*representatives* of the grandchildren predeceasing the last life tenant. We find no indication that the grantor intended an unequal distribution to his *grandchildren.*[5] Yet under the trial court's construction, the interests taken by the grandchildren vary from 1/5 to 1/30. Further, under the trial court's construction two of the grantor's great-grandchildren take greater shares than some of the grandchildren. We do not find that this result was intended by the grantor. Therefore, we conclude that the distribution to the grantor's grandchildren is per capita and the distribution to the representatives of those grandchildren predeceasing the last life tenant is per stirpes. See *Bennett v. Lloyd,* 245 Ga. 706 (267 SE2d 3) (1980).

3. Under our construction of the deed, Delta Plantation is initially divided into eighteen shares, one for each of the grandchildren who either survived the last life tenant or predeceased her leaving surviving children. The executors own a 5/18 interest in the property by virtue of the transfer from five of Fraysse's children and no interest in the property by virtue of the transfer from Carlton King. Thus, the executor's total interest in the property is 5/18.

Because the executors' requests for rent distribution and partition are still pending in the trial court, the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part; reversed in part and case remanded. All the Justices concur.*

DECIDED NOVEMBER 18, 1981.

*Charles C. Stebbins, Jr., Charles C. Stebbins III,* for appellants. *Daniel H. White,* for appellees.

---

[5] *MacGregor v. Roux,* 198 Ga. 520 (32 SE2d 239) (1944), relied on by the trial court, is not applicable here because it involved contradictory language as to whether the testatrix intended equality in the distribution to her grandchildren. Here, there is no indication that an unequal distribution to the grandchildren was intended.