22897.   BUSBEE, Guardian ad litem, et al. v. HALEY, Executrix, et al.

Argued April 13, 1965—Decided May 6, 1965.

*Divine & Busbee, George D. Busbee,* for plaintiffs in error.
*Pope F. Brock, Perry, Walters & Langstaff,* contra.

Head, Presiding Justice: Vernon S. Haley and Herbert P. Haley, individually, and as executrix and executor and trustees under the will of W. B. Haley, deceased, brought a petition seeking a construction of the will and direction with reference to the distribution of the estate. It was alleged that the testator died

on July 16, 1950, leaving surviving him his wife, Vernon S. Haley, and seven named children, all of whom are still in life. The defendants named were the grandchildren and all unborn lineal descendants of the children of the testator.

George D. Busbee was appointed as guardian ad litem for the defendants. Since there was no issue of facts, the trial judge entered an order without the intervention of a jury. The guardian ad litem assigns error on the construction of the will, and on the failure to require the petitioners upon a division of the estate to take security from the life tenant and the holders of the defeasible fees to protect the reversioners and remaindermen.

In the original will executed on July 11, 1931, the testator directed that his estate should remain in trust until his youngest child becomes of age. On December 14, 1948, he executed a codicil in which he recited that all of his children had reached the age of 21 years, and he directed that the division of his estate should not take place until five years after his death. The petitioners desire a construction of the will before making distribution.

The portion of the will requiring construction is as follows: "I will, bequeath and devise all of my property, both real, personal and mixed, and wherever the same may be situated, in this state or elsewhere, to my trustees hereinafter named, in trust, nevertheless, for the sole use and benefit of the following named beneficiaries, to-wit: for the use and benefit share and share alike, of my wife, Mrs. Vernon S. Haley, and all of my children, now born or to be born, who may be living at my death and shall continue living until the time hereinafter fixed for the division of my estate, but if my said wife should marry again, or either of my said children should at any time, before or after said division of my estate, die without leaving lineal descendants surviving him or her, then and in either of those events, the beneficial interest of my said wife or of such child or children, respectively, shall immediately cease and determine, and the beneficial interest of said wife or of such child or children, respectively, shall thereupon revert to my estate,—to be ultimately divided equally among the remaining devisees and legatees under this will. Said beneficial interest of my said wife, shall be a life estate only, for and during her life, with remainder

to the other devisees and legatees herein mentioned, said life estate being subject to be divested by her marriage; and said beneficial interest of each of my said children, shall be a contingent estate until the division of my estate, and shall thereafter be a defeasible fee, subject to be divested, as to any one or more of them, by the death of such child without leaving lineal descendants surviving him or her. I will and direct that all of my said property . . . shall continue as a part of said trust estate, with the fee simple legal title thereof vested in the trustee, until the youngest of my children shall be of age, [changed in the codicil to five years after the date of the death of the testator] at which time all of the property embraced in my estate shall be divided, share and share alike, as above stated, but if any one or more of my children shall then be dead, leaving lineal descendant then living, such lineal descendant shall take in lieu of his or their parent, an undefeasible fee simple title of what would have otherwise been its parent's share,—such descendant or descendants taking per stirpes and not per capita."

It is the contention of the guardian ad litem that the will should have been construed as vesting an interest for widowhood in the wife of the testator with a contingent remainder to the children of the testator then surviving and to the lineal descendants of a deceased child of the testator, with such lineal descendants taking per stirpes; that each of the children of the testator took a defeasible fee in his or her share of the estate subject to be divested if he or she dies without leaving lineal descendants, and upon the death of one of them without leaving lineal descendants, the reversionary interest in such estate to go to the children of the testator then surviving and to the lineal descendants of a deceased child of the testator with such lineal descendants taking per stirpes; that the future interests of a child dying without leaving lineal descendants would not be subject to transfer by such child during his or her lifetime; and that the interest which the wife and any of the children of the testator might take from a child who dies without leaving lineal descendants surviving would be subject to the same limitations which applied to the portions set off to the wife and the children at the time of the division.

The trial judge held that the term "the remaining devisees and

legatees until this will," designating the beneficiaries of the reversionary estate which might arise on the remarriage of the wife of the testator, or the death without surviving lineal descendants of the children of the testator, and the term "other devisees and legatees herein mentioned," designating the remaindermen of the life estate of the widow, did not include children of a deceased child of the testator. The judge further construed the will: (1) as "vesting a life interest in the wife of the testator subject to earlier termination by her remarriage with a vested remainder over to the testator's children; (2) that each of the children took a defeasible fee in his or her share of the estate subject to be divested if he or she died without children, and upon the death of one of them without children, the other children of the testator and the wife would take a portion of the property so set off to such deceased child as well as a right to the interest that such deceased child had in the property set off to the other children, any of whom might die without leaving lineal descendants surviving; (3) that the future interests being contingent only as to the event (the death of a child without leaving lineal descendants surviving) and not as to the person, the interests of a child dying with children would be subject to transfer by such child during his or her lifetime or could be disposed of by will and if such child died intestate, it would go to his or her heirs at law; and (4) that the interest which the wife and any of the children might take from a child who dies without leaving lineal descendants surviving would be subject to the same limitations which applied to the portions set off to the wife and the children at the time of the division."

■ At the beginning of the item in which the testator named the beneficiaries of his will all of his property is devised and bequeathed in trust "for the sole use and benefit of the following named beneficiaries, to-wit: for the use and benefit share and share alike, of my wife, Mrs. Vernon S. Haley, and all of my children, now born or to be born, who may be living at my death and shall continue living until the time hereinafter fixed for the division of my estate, . . ." Thereafter he referred to his beneficiaries as "devisees and legatees under this will" and "devisees and legatees herein mentioned." The only place that lineal descendants are named as beneficiaries is in the provision

that at the time of the division of his estate "if any one or more of my children shall then be dead, leaving lineal descendant then living, such lineal descendant shall take in lieu of his or their parent, an indefeasible fee simple title of what would have otherwise been its parent's share, . . ."

"The law favors the vesting of estates at the earliest possible time; and where there are divesting clauses in a will, the law is disposed to give them such effect as to vest the estate indefeasibly at the earliest possible moment. Language doubtful in its meaning should not be construed to lessen the fee previously devised." *Crumley v. Scales,* 135 Ga. 300, 308 (69 SE 531) ; *Daniel v. Daniel,* 152 Ga. 610 (110 SE 721) ; *Sanders v. First National Bank of Atlanta,* 189 Ga. 450, 452 (6 SE2d 294). From all of the language of the will it is plain that the point of determination of the beneficiaries under the will is the time of the division of the testator's estate, five years after the date of his death.

"Estates by implication are not favored." *Hill v. Terrell,* 123 Ga. 49, 58 (51 SE 81). We can not infer that the testator intended that grandchildren should take under the will in any instance except that plainly specified. Since all of the children of the testator were in life at the time set for the division of the testator's estate, there is no longer a contingency that lineal descendants may take under the will. We therefore affirm the finding of the trial judge that the remaindermen and reversioners under the will, at the time for the division of the testator's estate, do not include children of a deceased child of the testator.

■ The trial judge construed the estate of the wife to be a life interest, subject to earlier termination by remarriage, with a vested remainder in the testator's children; that each child took a defeasible fee in his or her share of the testator's estate, subject to be divested if he or she died without lineal descendants; and that the interest which the wife and any of the children would take from a child who dies without leaving lineal descendants surviving would be subject to the same limitations which apply to the portions set off to the wife and children at the time of the division.

The language of the will is plain and unambiguous as to the disposition the testator desired of the original portions given to

his wife and children. The portion given to the wife was an estate for widowhood. In regard to the portion given to each child the will provided that if "either of my said children should at any time, before or after said division of my estate, die without leaving lineal descendants surviving him or her, . . . the beneficial interest of . . . my child or children . . . shall immediately cease and determine, . . ." "A defeasible fee with an executory limitation is created when a testator devises land to one in fee simple, and subsequently provides in his will that, if a certain event does or does not happen, the estate will go to another." *McDonald v. Suarez,* 212 Ga. 360 (2) (93 SE2d 16); *Brown v. Lane,* 147 Ga. 1 (92 SE 517); *Reynolds v. Dolvin,* 154 Ga. 496 (114 SE 879); *Jenkins v. Shuften,* 206 Ga. 315 (57 SE2d 283). As to the original portions, the children of the testator plainly took defeasible fees subject to be divested in the event they die without surviving lineal descendants.

Did the same limitation apply to the estate devised to the children on the remarriage or death of the wife, and to the wife and children on the death of any child without surviving lineal descendants? The trial judge has construed the will as meaning that the wife's estate is one for widowhood with a vested remainder in the children; but that should a child's estate terminate by his death without surviving lineal descendants, the interest of the wife and children in the estate so terminating would be subject to the same limitations which apply to the portions set off to them at the time of the division of the testator's estate. These findings are not consistent under the language of the will.

The testator stated that the "beneficial interest of my said wife, shall be a life estate only, for and during her life, with remainder to the other devisees and legatees herein mentioned, said life estate being subject to be divested by her marriage; . . ." This language clearly indicates that the testator intended his wife to have no other interest in his property than an estate for life or widowhood. In the same sentence the testator stated that "said beneficial interest of each of my said children, shall be a contingent estate until the division of my estate, and shall thereafter be a defeasible fee, subject to be divested, as to any one or more of them, by the death of such child without leaving lineal descendants surviving him or her." By the use of the words "bene-

ficial interest" in referring to the children, the same words used in reference to the wife, we can come to no other conclusion but that the testator meant all of the interest he devised and bequeathed to his children and not just the portion to be received in the division of his estate.

We therefore affirm the finding of the trial judge that the interest which the wife and children have in the portion of a child who dies without lineal descendants surviving would be subject to the same limitations which apply to the portions set off to the wife and children at the time of the division; but we reverse the finding that there is a vested remainder in the children in the estate for widowhood of the wife. This remainder interest is also subject to the divesting limitation.

■ The trial judge held "that the future interests being contingent only as to the event (the death of a child without leaving lineal descendants surviving) and not as to the person, the interests of a child dying with children would be subject to transfer by such child during his or her lifetime or could be disposed of by will and if such child died intestate, it would go to his or her heirs at law." We affirm this ruling by the trial judge. See *Todd v. Williford*, 169 Ga. 543, 549 (3) (150 SE 912); *Johnson v. Johnson*, 213 Ga. 466, 470 (2) (99 SE2d 827).

■ The petitioners prayed that the court instruct them as to whether they are under a duty upon a division of the estate to take security from the life tenant and the holders of the defeasible fees. The children of the testator who responded to the petition asserted that it was the intention of the testator as revealed in his will that the legacies and devises therein provided should be delivered to the wife and children unconditionally, without any obligation on their part to give security. The guardian ad litem in his answer prayed that security be required.

Under the rulings made by the trial judge, and affirmed by this court, the lineal descendants of the children of the testator can never take under the will, and no person having an interest in the estate has requested that security be required. We affirm the judge's ruling that "the court in the absence of any claim or intimation of actual or threatened injury does not feel that burdens should be imposed in the enjoyment of property where the testator does not so provide."

*Judgment affirmed in part; reversed in part.   All the Justices concur.*