26200. FOURTH NATIONAL BANK OF COLUMBUS
v. BRANNON et al.

ARGUED DECEMBER 14, 1970—DECIDED JANUARY 7, 1971—
REHEARING DENIED JANUARY 21, 1971.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley,* for appellant.

*Kelly, Champion & Henson, Forrest L. Champion, Jr., Smith, Gardner, Wiggins & Geer, B. C. Gardner, Jr., Cartledge & Cartledge, G. Harold Posey,* for appellees.

NICHOLS, Justice. 1. The original will of A. M. Brannon, after certain designated bequests, divided the remainder into five shares and gave one share each to his wife, three surviving children and one grandchild (Madge Norman). By codicil he added the following provision: "The property I devise and bequeath to my granddaughter, Madge Norman shall be for and during her natural life, and at her death the same to go to her children if she should leave one or more, or to the decendants of child or children *then* living if such there be and in default of child or children or the descendants of such, *then* said property is to revert to my estate and be equally divided among my other legatees or their heirs if they are dead. And I direct my executor to keep possession and control of said property and manage the same as in his judgment may seem best, and to that end he may sell and invest in other property taking titles thereto, as executor, and any sale made by him, either publicly or privately shall have the effect of passing, an absolute title to the purchaser, And the annual net income of all the property devised to my said granddaughter, he is to pay over to her after she shall have arrived at the age of twenty-one years,

or earlier if she should marry to be used by her as she pleases, but the copies [sic] of the property and no part thereof is to be used, unless it is necessary for her support and maintenance." (Emphasis supplied.)

The appellant contends that properly construed the first "then" used in conjunction with "living" should be construed as "at that time" living and the second "then," not demanding such a construction should be construed as "in the event." The heirs of the second wife of A. M. Brannon contend that each "then" should be construed as "at that time."

Under the appellant's contentions the devise became vested in the other legatees living at the time of the testator's death while under the adverse contentions no vesting took place until the death of the holder of the life estate without children surviving.

"The meaning of the word 'then' was under consideration in *Harris v. Smith,* 16 Ga. 545, 557. It was there said: 'Now the word then may be used, either as a word of reasoning or of time. When it is used in the limitation of estates, or in framing contingencies, unless something in the context makes a different meaning for it necessary, it is to be regarded, as Lord Hardwick says in Beauclerk vs. Dormer, 2 Atk. 311, as a word of reference, but *may be* used on such occasions in its gramatical sense; that is, as an adverb of time. In such case the context should plainly show that it was so used, before effect is thus given to it. When it is employed in the former sense, it is synonymous with the phrase "in that event," or "in that case," when in the latter, with the words, "at that time." (2 Jarm. on W. 446.) In the case of Beauclerk vs. Dormer, Lord Hardwick refused to consider this word in its grammatical sense, but treated it as a word of inference or reasoning, because there was nothing in the context to authorize it.' " *Bryant v. Green,* 187 Ga. 89, 92 (199 SE 804). In that case there was nothing to indicate the use of the word "then" to be anything other than as a word of reasoning or inference.

The will under consideration contains the following, after stating that remainder interest in the life estate shall vest in the children of the life tenant or their decendants if living, "in default of child . . . then said property is to revert to my estate and be equally divided among my other legatees or their heirs if they are dead."

Had the devise ended with the words "my other legatees" no problem would be presented since under such circumstances nothing would appear which would indicate the use of the word "then" was anything other than as a word of reasoning or inference—"in that event," "in that case." With the inclusion of the words "or their heirs if they are dead" another problem is presented for the word "heirs" alone does not include legatees under their wills. In *Tucker v. Adams,* 14 Ga. 548, 581, it was held that "heirs" means "distributees." Those who would inherit under the laws of descent and distribution. See *Butts v. Trust Co. of Ga.,* 209 Ga. 787, 789 (75 SE2d 745); *Beecher v. Hall,* 224 Ga. 823, 826 (165 SE2d 155). In *Sanford v. Sanford,* 58 Ga. 259, it was held that language creating a life estate with remainder to the children of the life tenant, if any, followed by language "but in the event of his [the life tenant] leaving no child or children, the property aforesaid then to revert to my estate . . ." placed the time of determining the placing of the fee as the death of the life tenant and not the death of the testator.

The use of the words "or their heirs if they are dead" after naming the other legatees together with the other language in this devise must be construed as placing the time of vesting of the life estate in the remaindermen at the death of the life tenant, not the death of the testator, and requires survivorship.

The testator first referred to the remainder in the life estate going to his other "legatees" and the addition of the words "or their heirs if they are dead" of necessity recognized the great probability that his wife and children would predecease his granddaughter. Also the use of the words "legatees" and "their heirs" places emphasis on the distinction and his intent that the determination of the ultimate takers of the remainder interest in the life estate would not be determined until the death of the life tenant. Accordingly, the trial court did not err in refusing to grant a summary judgment to the effect that the heirs of the legatees under the will of A. M. Brannon had no interest in the remainder of the life estate.

2. Under the above ruling the remaining questions raised as to the correctness of the judgment of the trial court need not be passed upon.

*Judgment affirmed. All the Justices concur.*