27808. CUNNINGHAM et al. v. CUNNINGHAM et al.
27809. TRUST COMPANY OF GEORGIA v.
CUNNINGHAM et al.

Argued March 13, 1973 — Decided April 13, 1973 —
Rehearing denied April 25, 1973.

*Swertfeger, Scott, Pike & Simmons, Joseph Szczecko,* for appellants, case No. 27808.

*Terrence Lee Croft, A. W. Franklin Bloodworth, George H. Carley, McCurdy, Candler & Harris,* for appellees.

*Hansell, Post, Brandon & Dorsey, Terrence Lee Croft, A. W. Franklin Bloodworth,* for appellants, case No. 27809.

*Joseph Szczecko, George H. Carley,* for appellees.

NICHOLS, Justice. The judgment of the trial court concluded that the termination of the trust so as to vest the remainder in the plaintiff was based upon the interest of the plaintiff's father being terminated. The appellants contend that in order for the plaintiff to have a "perfect title" to the assets in such trust he must be in life when his father's interest is terminated, not by assignment, but, by his death. " 'The law favors the vesting of estates at the earliest possible time; and where there are divesting clauses in a will, the law is disposed to give them such effect as to vest the estate indefeasibly at the earliest possible moment. Language doubtful in its meaning should not be construed to lessen the fee previously devised.' *Crumley v. Scales,* 135 Ga. 300, 308

(69 SE 531); *Daniel v. Daniel,* 152 Ga. 610 (110 SE 721); *Sanders v. First National Bank of Atlanta,* 189 Ga. 450, 452 (6 SE2d 294)." *Busbee v. Haley,* 220 Ga. 874, 878 (142 SE2d 786).

Both the appellants and the appellee place great emphasis upon the decision in *Sanders v. First National Bank of Atlanta,* cited supra, and insist that under a proper construction of such decision a finding is demanded for them, and the issue to be determined is whether the interest in such trust of Dr. Cunningham could be waived so as to accelerate the time of finally vesting the remainder interest in Charles E. Cunningham, Jr. so as to preclude the contingent interest of the children of Charles E. Cunningham, Jr.

"A trust wherein the estate of the beneficiary is a defeasible fee, with an executory devise in favor of others limited thereon, does not become an executed trust by the arrival of the beneficiary at the age of twenty one years and by the fact that he is under no legal disabilities, but the trust continues to be executory until the time when the contingency on which the beneficiary's estate is defeasible is no longer capable of operating to defeat it." *Sanders v. First Nat. Bank of Atlanta,* 189 Ga. 450 (3), supra.

Code § 85-703 provides: "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen." A vested remainder may be subject to being divested. See *Shedden v. Donaldson,* 207 Ga. 77 (60 SE2d 158). The real question in this case is not whether the remainder interest to Charles E. Cunningham, Jr. was vested or contingent at the date of the death of testatrix, but under the terms of the will must Charles E. Cunningham, Jr. survive his father in order to be entitled to possession of the corpus of

the trust.

The will provided: "Upon the death of my husband my Trustee shall convey the corpus...[of the trust]...to my son if he is then in life, or to his descendants then living if my son should be then deceased." As used in this will the phrase "if he is then in life" must be construed as "if he is at that time in life." See *Fourth Nat. Bank of Columbus v. Brannon,* 227 Ga. 191 (179 SE2d 232), and citations. So construed, no right of possession in the corpus of the trust would be in Charles E. Cunningham, Jr. prior to the death of the life tenant and the attempted assignment by the life tenant would not divest the children of Charles E. Cunningham, Jr. of their contingent interest in such trust. See *Shedden v. Donaldson,* supra.

The judgment of the trial court construing the will so as to permit the holder of the life estate to accelerate the time of vesting the right of possession in Charles E. Cunningham, Jr. must be reversed.

*Judgment reversed. All the Justices concur.*