S95A1713. WETHERBEE et al. v. FIRST STATE BANK &
TRUST COMPANY et al.
(466 SE2d 835)

CARLEY, Justice.

In this will construction case, appellee First State Bank & Trust Company (Bank) is a co-trustee of the testamentary trust of Francis P. Wetherbee and appellants are Mr. Wetherbee's ex-daughters-in-law and several of his grandchildren. The case arises from the following relevant facts: Mr. Wetherbee died in 1977 and was survived by his wife, a daughter, and two married sons. Under the terms of Mr. Wetherbee's will, portions of his estate were to be placed into marital and residuary trusts for his wife for life. Upon his wife's death, a specified percentage of the residuary trust was to be placed in trust for each of his then living sons for their support and maintenance for life. If either son predeceased his mother, "then his interest shall vest in his then surviving unmarried wife and in his then surviving descendants." Upon the termination of the trust created for each son, the trust property and any undistributed income "shall be set apart for the use and benefit of his surviving wife and descendants."

After Mr. Wetherbee's death, both of Mr. Wetherbee's sons renounced their interests in the trust property and each thereafter divorced. When Mr. Wetherbee's widow died in 1991, the Bank sought the trial court's direction in the construction of the will's provisions regarding disposition of the trust property. In particular, direction was sought as to whether each son's renunciation of his interest had accelerated the vesting of the interests "in his then surviving unmarried wife and in his then surviving descendants." On cross-motions for summary judgment, the trial court held that there was no acceleration and that the income that would have been paid to each son was to be accumulated and, upon his death, distributed to his then surviving wife and descendants. It is from this order that this appeal is

taken.

Appellants rely upon OCGA § 53-2-115 (c), which provides, in relevant part:

> Unless the decedent . . . has otherwise indicated by his or her will, the interest renounced and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest renounced shall pass as if the person renouncing had predeceased the decedent . . . . In every case the renunciation relates back for all purposes to the date of death of the decedent . . . .

The contention is that, pursuant to this statute, Mr. Wetherbee's sons are deemed to have predeceased him so that appellants would be the sons' surviving unmarried wives and descendants at the time of Mr. Wetherbee's death, and, thus, are entitled to the trust property upon the death of Mr. Wetherbee's widow.

OCGA § 53-2-115 (c) is a statutory expression of the common law principle of acceleration of remainders, whereby the elimination of any intermediate interest in a line of successive estates "accelerates the time for the vesting in possession of those subsequent thereto." *Jossey v. Brown*, 119 Ga. 758 (4) (47 SE 350) (1904). The rationale for this principle is that "[t]he testator is presumed to have intended to devise the remainder from and after the determination of the precedent estate, rather than from and after the death of the particular tenant." 28 AmJur2d 497, Estates, § 305. As OCGA § 53-2-115 (c) provides, however, application of the principle of acceleration of remainders is limited to those cases wherein the testator has not "otherwise indicated" a contrary intent. There is no requirement that this indication of the testator's contrary intent be express.

> An intent that there shall be no acceleration may be shown by inevitable implication, as, for instance, . . . where the contingency upon which the remaindermen are to take is such that in the nature of things the persons entitled can be ascertained only by the physical death of the life-tenant. . . .

28 AmJur2d 498-499, Estates, § 305. Accordingly, under the law of this state, a contrary intent is indicated if the testator has provided that the holder of the future interest must survive the holder of the renounced interest. *Cunningham v. Cunningham*, 230 Ga. 493 (197 SE2d 731) (1973).

Mr. Wetherbee did not designate by name that wife or those descendants of his sons whom he wished to take. It is clear, however, that Mr. Wetherbee intended not only that his sons survive their

mother in order to take, but also that his sons' wives and descendants survive his sons in order to take. See *Hack v. Woodward*, 248 Ga. 504, 505 (1) (284 SE2d 411) (1981); *First Presbyterian Church of Atlanta v. Price*, 248 Ga. 38, 42 (1) (280 SE2d 830) (1981); *Clark v. C & S Nat. Bank*, 243 Ga. 703, 705 (1) (257 SE2d 244) (1979); *Fourth Nat. Bank of Columbus v. Brannon*, 227 Ga. 191, 192 (1) (179 SE2d 232) (1971); *Shedden v. Donaldson*, 207 Ga. 77 (60 SE2d 158) (1950); *Patellis v. Tanner*, 197 Ga. 471, 474 (2) (29 SE2d 419) (1944); *Armstrong Jr. College Comm. v. Livesey*, 189 Ga. 825, 829 (2) (7 SE2d 678) (1940). In accordance with this intent, the remainders bequeathed by Mr. Wetherbee to his sons' wives and descendants would become "indefeasibly vested only at the time fixed for distribution of the property, the death of [his sons]." *Hack v. Woodward*, supra at 506 (1). Since the bequest is only to those wives and descendants of Mr. Wetherbee's sons who survive the death of the sons, "the class cannot close until that time." *Clark v. C & S Nat. Bank*, supra at 706 (1). Under this construction of Mr. Wetherbee's will, no wife or child of either of his sons would have the right of possession prior to that son's death and the son's inter vivos renunciation of his intermediate interests would not divest the interests of any wife or any of his descendants who actually survive him. *Cunningham v. Cunningham*, supra at 497.

Appellants' reliance upon *Jordan v. Trower*, 208 Ga. App. 552 (1) (431 SE2d 160) (1993) and *Brown v. Momar, Inc.*, 201 Ga. App. 542, 544 (2) (411 SE2d 718) (1991) is misplaced. In *Jordan*, the testator made no provision for the disposition of his estate should his sole beneficiary predecease him. In *Brown*, the testator did not provide that the holders of the future interests must survive the holder of the renounced life estate. Accordingly, in neither case was there any indication that the testator's intent would be frustrated by the application of OCGA § 53-2-115 (c). In this case, however, Mr. Wetherbee's contrary intent, as evidenced by the provision of his will that his sons' wives and descendants must survive his sons to take, precludes application of OCGA § 53-2-115 (c). It follows that the trial court's order correctly construes Mr. Wetherbee's will and that judgment must, therefore, be affirmed.

*Judgment affirmed. Benham, C. J., Fletcher, P. J., Hunstein, Thompson, Hines, JJ., and Judge Albert Pickett concur. Sears, J., disqualified.*

DECIDED FEBRUARY 12, 1996 —
RECONSIDERATION DENIED MARCH 11, 1996.

*Alston & Bird, Jay D. Bennett, David M. Maxwell, Del Percilla, Jr.*, for appellants.

*Watson, Spence, Lowe & Chambless, G. Stuart Watson, Michael C. Garvey,* for appellees.