## S98A1011. LINKOUS v. CANDLER et al.
### (508 SE2d 657)

THOMPSON, Justice.

Does the language of the trust agreement in this case indicate an intent to prohibit acceleration of the trust? Because such an intent need not be express, but can be implied from the four corners of the agreement, *Wetherbee v. First State Bank &c. Co.,* 266 Ga. 364, 365 (466 SE2d 835) (1996), we hold that the trust agreement does indeed prohibit acceleration, and that the superior court erred in ruling otherwise.

On June 3, 1961, while in the midst of a pending divorce, C. Howard Candler, Jr. and Ruth O. Candler created an irrevocable trust in full settlement of Howard Candler's support obligations to Ruth Candler. Trust Company of Georgia (now SunTrust Bank) was named as trustee. The trust provided that Ruth Candler was to have a life estate in the net income of the trust assets and that, upon Ruth Candler's death, the net income of the trust was to be distributed among the then living children of Howard and Ruth Candler. The trust also provided for a per stirpes distribution to the issue of any child of Howard and Ruth Candler who pre-deceased Ruth Candler. Upon the death of the "last survivor" of Howard and Ruth Candler's children, the trust was to be divided equally among the "then living" grandchildren of Howard and Ruth Candler with the issue of any then deceased grandchild taking per stirpes its deceased parent's share.

At the time the trust was created, Howard and Ruth Candler

---

had four living children: C. H. Candler III; Samuel O. Candler; Ruth C. Lovett; and Flora G. Candler Fuller. Howard Candler died in 1988, and Ruth Candler died on September 2, 1996. Ruth Candler was survived by three of her children: C. H. Candler III; Samuel O. Candler; and Flora G. Candler Fuller. (Ruth C. Lovett died before either one of her parents in 1964, leaving three children.)

On March 4, 1997 the surviving children of Howard and Ruth Candler filed a petition requesting the superior court to construe the 1961 trust agreement and give direction to the trustee with regard to its obligations under the agreement. The petition named the trustee, all 13 of the grandchildren of Howard and Ruth Candler, and "all otherwise unrepresented descendants, born and unborn" as respondents. The court appointed William J. Linkous, Jr., as guardian ad litem, to protect the interests of the unrepresented descendants of Howard and Ruth Candler. Thereafter, petitioners filed a written instrument, pursuant to OCGA § 53-2-115[1] seeking renunciation, release, and termination in full of their interests in the trust.

In a final order entered on September 17, 1997, the court ordered the trustee to distribute the trust to Howard and Ruth Candler's 13 grandchildren. The court reached that decision after concluding (1) that there was no language in the trust agreement which indicated an intent to prohibit acceleration; and (2) that petitioners' renunciation of their interests in the trust produced the same result as if they had predeceased Ruth Candler.

The guardian ad litem appeals. Relying upon *Wetherbee v. First State Bank &c. Co.*, supra, he asserts that the trust agreement indicates an intent on the part of Howard and Ruth Candler to prohibit acceleration of the trust. We agree.

The common law indicates that a remainder interest can be accelerated upon the renunciation of a preceding life interest, unless the terms and circumstances of the donative instrument manifest a contrary intent.[2] Restatement (First) of Property § 231 (1936). Jurisdictions have differed on what constitutes a "contrary intent." Therefore, the question must be whether, under Georgia law, the trust at issue manifests a contrary intent with respect to acceleration of the remainder interests.

In *Wetherbee*, Mr. Wetherbee created a trust for the maintenance and support of his wife for life. Upon his wife's death, a specified per-

---

[1] This former Code section is no longer effective as of January 1, 1998, but only to the extent that no vested rights are impaired.

[2] This common law principle was codified at OCGA § 53-2-115 (c): "Unless the decedent . . . has otherwise indicated by [the terms of] his or her will, the interest renounced and any future interest which is to take effect . . . after the termination of the interest renounced shall pass as if the person renouncing had predeceased the decedent."

centage of the trust was to be placed into a trust for each of his then living sons for their support for life. Upon the termination of the trust created for each son, the remainder was to go to his surviving wife and descendants. After Mr. Wetherbee died, his sons renounced their interests in the trust. When Mrs. Wetherbee died, the remaindermen sought to accelerate their interests. The Court observed that "the principle of acceleration of remainders is limited to those cases wherein the testator has not 'otherwise indicated' a contrary intent." *Wetherbee*, supra at 365. The Court then found a contrary intent because the testator had provided that the holder of the future interest must survive the holder of the renounced interest. In so doing, the court stated that the indication of the testator's contrary intent need not be express, but may be implied from the provisions and language of the trust.

*Wetherbee* controls the outcome of this case. Just as the instrument in *Wetherbee* provided that the holder of the remainder (the wife and descendants) must survive the holder of the renounced life interest (the sons), so too the instrument in this case provides that the grandchildren must survive their parents in order to take their interests in the trust. Accordingly, just as the instrument in *Wetherbee* indicated an intent to prohibit acceleration, so too the instrument in this case must be viewed as indicating an intent to prohibit acceleration.

Although other jurisdictions might take an approach which differs from *Wetherbee*, see generally Anno., 7 ALR4th 1084 (1981), it cannot be said that Georgia lies outside the mainstream in this regard. Many jurisdictions hold, as does Georgia, that a substitutionary gift in a will indicates a contrary intent on the part of the testator with respect to acceleration of the remainder interests. See, e.g., *Trenton Banking Co. v. Hawley*, 7 N.J. Super. 301 (70 A2d 896) (1950) (the gift of the remainder was made to a class that would have to stay open until the death of the life beneficiary); *Bass v. Moore*, 229 N.C. 211 (49 SE2d 391) (1948) (the remaindermen's right of enjoyment was contingent upon whether they survived the life beneficiary); *Compton v. Rixey's Ex'rs.*, 124 Va. 548 (98 SE 651) (1919) (acceleration of remainder would be contrary to intent of testator); and *Cool v. Cool*, 54 Ind. 225 (1876) (no acceleration of the remainder when widow holder of life estate elected to take against the will). This rationale is logical, for if a class of remaindermen cannot be ascertained until the death of the life beneficiary, then acceleration must not have been contemplated by the testator.

The class of remaindermen in the Candler trust is subject to open by the birth of more grandchildren. In addition, it is subject to change by the death of a grandchild, entitling that grandchild's issue to take its share. This contingency does not expire until the death of

the last of Howard and Ruth Candler's children. Therefore, the remaindermen cannot be ascertained until the last child of Howard and Ruth Candler has died. To hold otherwise would be contrary to the intent of the Candlers and would deprive potential class members of their share of the trust.

*Judgment reversed. Benham, C. J., Fletcher, P. J., Hunstein, Carley, Hines, JJ., and Judge Kristina Cook Connelly concur. Sears, J., not participating.*

DECIDED NOVEMBER 9, 1998 —
RECONSIDERATIONS DENIED DECEMBER 4, 1998.

*Powell, Goldstein, Frazer & Murphy, David G. Ross, William J. Linkous, Jr.,* for appellant.

*The Bowden Law Firm, Jeanne J. Bowden, Henry L. Bowden, Jr., Alston & Bird, G. Conley Ingram, Robert G. Edge, John C. Sawyer, Arnall, Golden & Gregory, Bertrum L. Levy, Robert L. Rothman,* for appellees.