## S08A0693. CRONIC et al. v. BAKER.

(667 SE2d 363)

MELTON, Justice.

Ollie Mae Williams ("Testatrix") died on August 28, 2001, leaving a properly executed will dated June 7, 1993 ("Will"). In Item III (4) of the Will, Testatrix provided: "It is my desire and I hereby direct that a Trust Fund be established for the College or Technical School Educational Expenses to deserving persons with a preference in the fields of Agriculture or Homemaking not to exceed $25,000.00, preferably to relatives." In Item III (5) of the Will, Testatrix provided:

I hereby give, devise and bequeath the following amounts to the following private cemeteries:

| McGINNISS CEMETERY | $25,000.00 |
| CHANDLER CEMETERY | $25,000.00 |
| WILSON CEMETERY | $20,000.00. |

Following Testatrix's death, George Cronic, an attorney who drafted the will, was appointed as executor. Rather than set up a trust fund pursuant to Item III (4) of the Will, Cronic distributed $25,000 to the residuary legatees. With regard to Item III (5) of the Will, Cronic located R. L. Huff and Betty Huff, who had agreed to maintain Chandler Cemetery, and distributed $25,000 to them. Cronic was unable to locate any representatives of the remaining two private cemeteries. He treated the bequests to these cemeteries as lapsed gifts, and distributed the proceeds which would have otherwise gone to them to the residuary legatees.

Subsequently, the Attorney General of Georgia brought suit against Cronic in superior court, contending that both Item III (4) and III (5) of the Will created charitable trusts and that Cronic breached his fiduciary duties by failing to fully fund them. The superior court agreed with the Attorney General's claims, and, among other things, it ordered that the trusts be properly funded. In addition, it ruled that Cronic had to forfeit all of his executor's fees. Cronic now contests these rulings, contending that the Attorney General lacked standing to challenge the disposition of property under Item III (5) and that the trial court erred by requiring him to forfeit any fees he had earned as executor. For the reasons set forth below, we affirm in part and reverse in part.

1. First, we must consider whether the Attorney General has standing in this case. Georgia law gives the Attorney General the power and standing to enforce charitable trusts. OCGA § 53-12-115 provides:

> In all cases in which the rights of beneficiaries under a charitable trust are involved, the Attorney General or the district attorney of the circuit in which the major portion of trust res lies shall represent the interests of the beneficiaries and the interests of this state as parens patriae in all legal matters pertaining to the administration and disposition of such trust.

For standing to exist, therefore, a charitable trust must be in issue, not merely an outright gift, devise, or bequest.

It is undisputed that Item III (4) was intended by Testatrix to create a charitable trust for education, and, as a result, the Attorney General had standing to enforce that provision. With regard to Item III (5), however, Cronic argues that the language of the Will unambiguously calls for an outright bequest to specific cemeteries and does not create a charitable trust for the maintenance of cemeteries in general. We agree.

The strict use of the terms "trust" and "trustee" are not absolutely required to create a valid trust. See, e.g., *In re Estate of Chambers*, 261 Ga. App. 737 (1) (583 SE2d 565) (2003). Nonetheless, "[a]n express trust shall have each of the following elements, ascertainable with reasonable certainty: (1) An intention by a settlor to create a trust; (2) Trust property; (3) A beneficiary; (4) A trustee; and (5) Active duties imposed on the trustee, which duties may be specified in the writing or implied by law." OCGA § 53-12-20 (b). Testatrix's gifts to the named private cemeteries were outright bequests of specific funds to private organizations, not gifts in trust for an over-arching charitable purpose. These bequests, which are

plain and unambiguous on their face, evince no intent to create a trust, name no trustee, and designate no active duties to be imposed on any trustee. Therefore, this bequest does not contain the requisite components necessary to create a charitable trust, and, in the absence of a charitable trust, the Attorney General lacked standing to enforce Item III (5) of the Will.

Although the Attorney General contends that there is parol evidence which may be construed to show that Testatrix intended to create a charitable trust for the maintenance of cemeteries in general, that evidence cannot be considered in this case. "Where the terms of a will are plain and unambiguous, they must control. Parol evidence cannot be used to contradict or give new meaning to that which is expressed clearly in the will." (Citation omitted.) *Reynolds v. Harrison*, 278 Ga. 495, 498-499 (2) (604 SE2d 184) (2004).

2. Cronic further contends that the trial court lacked the authority to require him to forfeit all executor's fees he received from handling the estate. OCGA § 53-7-54 (a) (7) provides, in pertinent part:

> If a personal representative or temporary administrator commits a breach of fiduciary duty or threatens to commit a breach of fiduciary duty, a beneficiary of a testate estate or heir of an intestate estate shall have a cause of action . . . [t]o reduce or deny compensation to the personal representative or temporary administrator.

At the least, the record supports a finding that, despite his understanding that Testatrix intended to create a charitable educational trust under Item III (4), Cronic took no action whatsoever to fulfill his duties in implementing or creating that trust. Instead, by his own testimony, Cronic chose to forgo any direction he might have sought from the courts and decided to simply give any monies intended for the trust to the residuary legatees. By wholly foregoing the Testatrix's intent and the directions contained in the Will and by consciously failing to seek direction from the courts despite his admitted knowledge that he should do so, Cronic provided the trial court with sufficient grounds to both find that Cronic violated his fiduciary duties and that he forfeited his right to compensation by doing so. See, e.g., *In re Estate of Arnsdorff*, 273 Ga. App. 612 (3) (615 SE2d 758) (2005).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008 —

*Hudson, Montgomery & Kalivoda, David R. Montgomery*, for appellants.

*William W. Banks, Jr., Grace E. Lewis*, Senior Assistant Attorneys General, *Albert L. Stone, Jr., Barry L. Fitzpatrick*, for appellee.