## S09A1185. MARTIN v. MARTIN.
(685 SE2d 288)

BENHAM, Justice.

This appeal concerns a dispute over a trust in a will. Appellee Linda Faye Armstrong Martin's deceased husband's will established a "Residence Trust," the assets of which consisted of the marital residence and a bank account.[1] The trust bank account was to provide funds for expenses and maintenance of the residence, as well as provide payment for the trustee's services; however, the trust bank account had been depleted prior to Mr. Martin's death.

---

[1] Item V of the will set forth the terms of the trust as follows:

A. If my wife survives me, I give, devise and bequeath (i) the Residence and (ii) all of the assets in the Account to the Trustees in trust (hereinafter referred to as the "Residence Trust") for the uses and purposes hereinafter provided.

B. To the extent that the Residence Trust has available liquid assets, the Trustees shall use and expend so much of the income and corpus of the Residence Trust as is necessary or advisable in the Trustees' discretion to pay expenses related to the Residence, including but not limited to real estate taxes, insurance, utilities, maintenance, capital improvements and repair.

C. My wife shall have the right to use and occupy the Residence as her principal residence, rent-free. Her right shall terminate at such time as she ceases to occupy the Residence except for temporary absences or absences caused for health reasons if it is likely that she will be able to return to permanent residence in the Residence.

D. The Trustees shall not sell or otherwise dispose of any of the furniture or household furnishings that are a part of the Residence without the prior written consent of my wife and my children.

E. Upon the death of my wife or, if sooner, at such time as she ceases to occupy the Residence except for temporary absences or absences caused for health reasons if it is likely that she will be able to return to permanent residence in the Residence, the entire remaining corpus of the Residence Trust, as then constituted, shall be distributed to my children, equally per stirpes. . . .

Because of the lack of funds in the bank account, the initial trustee designated by the will refused to serve for fear of the liability associated with paying the expenses of the residence. The same concern prevented appellee from finding another trustee willing to serve as provided by the will. Appellee filed a petition to modify or terminate the trust, requesting the court to appoint a trustee related or subordinate to her and requesting termination or modification of the trust such that residence could be sold and the sale proceeds be divided equally among the beneficiaries, or the sale proceeds be used to buy a smaller house and the remaining proceeds be used for ongoing expenses. Appellant Michael Eugene Martin, one of the beneficiaries and decedent's son, objected.

"OCGA § 53-12-153 allows a court to modify the terms of a trust if it is established by clear and convincing evidence that, owing to circumstances not known to or anticipated by the settlors, compliance would substantially impair the purposes of the trust." *Friedman v. Teplis*, 268 Ga. 721 (1) (492 SE2d 885) (1997). The trial court held it was not authorized under OCGA § 53-12-153 to modify or terminate the trust based on the depletion of the bank account since the decedent knew the account was depleted before his death. However, due to the unanticipated predicament of being unable to find an individual or entity willing to serve as trustee under these circumstances, the trial court held appellee could appoint "a corporate fiduciary or an individual other than someone related or subordinate to her" to serve as trustee.[2] The trial court found that the equity in the home was a "liquid asset" within the meaning of Item V (B) of the will, supra n. 1, insofar as the equity could be converted into cash. Since decedent intended for his children to inherit the trust's corpus should appellee die or cease living in the residence, the trial court noted access to the home's equity by the trustee should be limited. Therefore, the trial court held that the trustee could convert no more than 30% of the equity in the residence into cash as compensation for the trustee's services and as funding for expenses related to maintaining the residence.

Appellant argues the trial court erred when it found the term "liquid asset" included the residence's equity and, by extension, erred when it held the residence could be encumbered up to 30% of its equity. We disagree. Here, although it could be foreseen that the bank account would be insufficient to pay the expenses of the residence and the expenses of the trustee, it was unanticipated that the named trustee and potential trustees would not be amenable to

---

[2] Item X (C) of the will provided that the trustee could be a "Corporate Fiduciary or an individual (other than any income beneficiary of any trust created under this will or any related or subordinate party)."

serve in such capacity. Accordingly, the trial court was authorized to make changes that would facilitate the appointment of a trustee who could effectuate the purpose of the trust. *Friedman v. Teplis*, supra, 268 Ga. 721.

If the terms of the will are unambiguous, they will control. *Cronic v. Baker*, 284 Ga. 452 (1) (667 SE2d 363) (2008). It is evident by the trust's plain language in Item V (B) and (C), supra, n. 1, that decedent intended for appellee to live in the couple's home rent-free, with the trustee using the "income *and corpus*"[3] of the trust to pay the expenses of the residence. (Emphasis supplied.) Item XI (A)[4] of the will gave the trustee authority to administer the trust pursuant to OCGA § 53-12-232, which allows trustees to encumber portions of a trust's property as necessary. OCGA § 53-12-232 (12) (a trustee has the power to "mortgage, pledge, or otherwise encumber such portion of . . . any trust as may be required to secure the loan or loans"). The decedent also anticipated at Item IX (E)[5] that his legatees might inherit trust property subject to a mortgage, lien or other encumbrance. Insofar as the will provided the corpus of the trust could be used to pay the expenses of the residence, the trustee anticipated trust property might be encumbered when passed to his legatees, and the will gave the trustee power to encumber under OCGA § 53-12-232, the trial court did not err when it determined, based on the totality of the terms of the will, the residence's equity could be encumbered by the trustee up to 30% to pay the expenses of the residence and the trustee's fees.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Joel E. Dodson*, for appellant.
*Debra L. Hardin Scott*, for appellee.

---

[3] Black's Law Dictionary (8th ed. 2004) defines "corpus" as "[t]he property for which a trustee is responsible; the trust principal."

[4] Item XI (A) provides as follows:
My Executors and the Trustees of each trust created hereunder and their successors and survivors in office shall have, without order of any court, all of the privileges, powers, exemptions and duties now and hereafter conferred by statute or case law in the State of Georgia, including but not limited to those set forth in Official Code of Georgia Annotated Section 53-12-232, as amended, which are hereby incorporated by reference.

[5] Item IX (E) provides as follows: "Any property bequeathed or devised hereunder, either outright or in trust, subject to any mortgage, lien or other encumbrance, shall be taken by the legatee, devisee, or Trustee of such property subject to such mortgage, lien or other encumbrance."