## S09A1790. SMITH v. HALLUM.
### (691 SE2d 848)

HUNSTEIN, Chief Justice.

This case involves the equitable modification of a trust pursuant to OCGA § 53-12-153. The trust in issue is the J.D. Smith Irrevocable Trust created in 1990 by John Dewey Smith ("Settlor"). As OCGA § 53-12-153 mandates, modification is warranted only where it is established by clear and convincing evidence that, "owing to circumstances not known to or anticipated by the settlor, compliance would defeat or substantially impair the accomplishment of the purposes of the trust." Id. Because the trial court abused its discretion in concluding that appellee Judith Hallum, in her capacity as trustee, carried her burden of showing by clear and convincing evidence that modification of the J.D. Smith Irrevocable Trust ("Trust") was warranted, we reverse.

"[T]he cardinal rule in construing a trust instrument . . . is to discern the intent of the settlor and to effectuate that intent within the language used and within what the law will permit. [Cits.]" _Miller v. Walker_, 270 Ga. 811, 815 (514 SE2d 22) (1999). The trial court found, and appellee admitted in verified pleadings, that Settlor established the Trust for the purpose of providing for his descendants when he and his wife are no longer living. The Trust's sole asset is a life insurance policy in the face amount of $800,000 on the joint lives of Settlor and his wife, Inez Smith. It is uncontroverted that appellant Alden Smith, as the son of Settlor's only child, is a descendant of Settlor.[1]

Settlor died in 2003; Inez Smith is still alive. In October 2004, Inez Smith survived an attack in her home during which she was shot and also stabbed over 20 times. Appellant has been charged with aggravated assault, aggravated battery and other offenses in connection with the attack. However, those charges remain pending and issues regarding appellant's competency to stand trial on those charges have not been resolved.

In May 2005 appellee filed a petition to amend the Trust pursuant to OCGA § 53-12-153 in order to "forego any distributions

---

[1] The child predeceased Settlor, who also has a granddaughter by that same child. She is the mother of Settlor's two great-grandchildren.

of Trust property to" appellant. Appellant's answer to the petition and responses to requests for admission were filed before the trial court, without any opposition by appellee, granted the motion filed by appellant's attorney on his behalf for the appointment of a guardian ad litem for an incapacitated adult. The grounds for the motion included the representations that appellant "suffers from a psychotic disorder that includes paranoid delusions" and that a forensic psychologist who examined appellant had determined that appellant's "psychotic disorder has the effect of rendering him incapable to assist counsel in this matter as a result of the pervasive delusions which are [i]ntertwined with the fact pattern underlying [appellant's] behavior."

The record reveals that the litigation was continued several times pending resolution of the criminal charges, a delay that included the trial court's recognition in April 2007 that the criminal trial court had found appellant "to be presently incompetent to stand trial" and had ordered him to be evaluated to determine whether he "is competent to stand trial in his criminal case or whether there is a substantial probability that [he] will at some future time obtain mental competency to stand trial." The record also reveals that, notwithstanding appellee's argument that modification was necessary because Settlor's intent was not to "incentivize [sic] his grandson to attack his grandmother to speed his receipt of Trust benefits," at the time this matter was heard by the trial court in January 2009, there had been no evidentiary determination in appellant's criminal proceedings regarding his intent in allegedly attacking Inez Smith. Moreover, even if we assume for the sake of argument that clear and convincing evidence exists that appellant actually perpetrated the attack on Inez Smith, the transcript of the January 2009 hearing clearly establishes that appellee adduced no evidence at all to establish that appellant's attack was motivated by his greed for the Trust receipts rather than as the result of the alleged paranoid delusions that had justified the trial court's appointment of a guardian ad litem for appellant.

OCGA § 53-12-153 "gives courts equitable powers of modification in extraordinary circumstances to change administrative or other terms, but only when the intent of the settlor would be defeated by circumstances unanticipated or unknown at the time of the trust's establishment." *Friedman v. Teplis*, 268 Ga. 721, 722 (1) (492 SE2d 885) (1997). Based on the assumption above that appellant committed the attack on Inez Smith, we recognize that the evidence would support the trial court's conclusion that this attack was a circumstance unanticipated by Settlor, inasmuch as it is uncontroverted that appellant was only seven years old at the time the Trust was created.

However, the unknown or unanticipated event requirement in OCGA § 53-12-153 is only part of the equation. Equitable modification is authorized only when such action is also necessary to *avoid* the defeat or substantial impairment of the trust's purpose. *Friedman*, supra; see also 3 Scott and Ascher on Trusts, § 16.4 (5th ed.). Given that the purpose of the Trust in this case is to provide financially for Settlor's descendants when he and his wife are no longer living, the modification approved by the trial court actively *promotes* the defeat of the Trust's purpose in that, by artificially treating one of Settlor's descendants as having predeceased him, it removes that descendant from among those entitled to receive Trust proceeds.

Moreover, even assuming, arguendo, that removal of a beneficiary in this manner is a proper subject of modification under OCGA § 53-12-153,[2] there is no clear and convincing evidence that it would "defeat or substantially impair" the purpose of the Trust for appellant to receive Trust funds. Appellee claims that appellant attacked Inez Smith in order to accelerate his receipt of the Trust funds and, based on this claim, speculates that Settlor would have wanted the Trust modified to prevent appellant from profiting from his wrongdoing. We need not speculate whether, if appellee's claim regarding appellant's intent were proven by clear and convincing evidence, Settlor's intent in creating the Trust would have been substantially impaired thereby. That is because appellee failed to adduce *any* evidence to establish that appellant intentionally attacked Smith for this reason. Given the strong evidence in the record that appellant is suffering from a serious mental illness, e.g., the trial court's appointment of a guardian ad litem for appellant as an incapacitated adult, the lack of any opposition thereto, and the trial court's own recognition of the unresolved competency issues in the criminal proceedings against appellant, the possibility remains that appellant's attack on Smith was not motivated by greed but instead arose out of a paranoid delusion caused by a psychotic disorder.

---

[2] Even though a review of the law and learned treatises has revealed a "staggering range of changes that have been conceptualized as deviations relating to trustees' powers," (footnote omitted), 5 Scott and Ascher on Trusts, supra, § 33.4, p. 2172, research has failed to uncover a single case in which a trust was modified so as to exclude a beneficiary based on the beneficiary's criminal conduct towards others. Because of the evidentiary flaws in this case, however, we need not resolve the question whether the power to modify granted the courts by OCGA § 53-12-153 extends to altering the dispositive provisions of trusts by removing beneficiaries in this manner. See Bogert and Radford, The Law of Trust and Trustees, Secs. 975-1030, § 994, p. 189 (3rd ed.) (the power of the court to modify does not extend to altering the dispositive provisions by introducing new beneficiaries, or removing old ones, or changing the shares of the beneficiaries). Compare Restatement (Third) of Trusts § 66 (1) (court may modify an administrative or distributive provision of a trust, or direct or permit the trustee to deviate from an administrative or distributive provision, if because of circumstances not anticipated by the settlor the modification or deviation will further the purposes of the trust).

Hence, despite the attack, Settlor might well have wanted appellant, his only grandson, to receive Trust proceeds in order to facilitate treatment for his illness.

"[T]he most important issue for the trial court is whether the denial of the modification will impair the purpose of the trust." (Footnote omitted.) *Friedman*, supra, 268 Ga. at 722 (1). Because the record does not contain the clear and convincing evidence required by OCGA § 53-12-153 to establish that it would defeat or substantially impair the purpose of the Trust for appellant (should he survive Inez Smith) to receive his share of the Trust funds, we conclude that the trial court abused its discretion by ordering equitable modification of the trust at issue. See generally *Friedman*, supra at 723 (2) (abuse of discretion standard used to assess trial court's factual findings regarding sufficiency of evidence to support modification).

*Judgment reversed. All the Justices concur, except Carley, P. J., who dissents.*

CARLEY, Presiding Justice, dissenting.

I respectfully dissent to the majority's reversal of the judgment of the trial court modifying the trust pursuant to OCGA § 53-12-153.

The majority relies in part on the apparent absence of precedent from any state authorizing the use of judicial modification to disinherit a named beneficiary based on alleged instances of misconduct. However, unlike the traditional rule in most states precluding any deviation from the distributive provisions of a trust, the Georgia statute "is not . . . limited to administrative terms." Comment to OCGA § 53-12-153. See also Restatement (Third) of Trusts § 66 reporter's notes on cmt. b (2003). The particular misconduct alleged in this case can certainly be described as extraordinary. I believe that the trial court was authorized to find by clear and convincing evidence that appellant shot and repeatedly stabbed the very person whose death would trigger the distribution to him of $400,000 in Trust property. Under Georgia law, if Mrs. Smith had not managed to survive the attack or if Appellant had conspired with another to kill her, the trial court's modification would have been mandatory. OCGA § 53-1-5. See also OCGA § 33-25-13. The circumstances would, in effect, have been considered extraordinary as a matter of law. Although Georgia law does not mandate modification of the Trust as a result of the assault and serious injury of Mrs. Smith, those circumstances are nearly as grievous as felonious homicide or conspiracy to kill, and the trial court's decision to modify the Trust cannot be overturned absent an abuse of discretion. *Friedman v. Teplis*, 268 Ga. 721, 723 (2), (3) (492 SE2d 885) (1997).

"[T]he courts have recognized a variety of 'unanticipated cir-

cumstances' that may support modification, including a change in tax or other laws [cits.] and a settlor's mistaken view regarding the effect of tax laws. [Cit.]" *Friedman v. Teplis*, supra at 722 (1). If those types of circumstances justify modification, then surely modification is permissible where a beneficiary assaults and severely injures the settlor's wife, whose death would cause distribution of the trust property. That occurrence could not have been anticipated by Settlor when he established the Trust, at which time Appellant was seven years old. Likewise, it cannot be said that Settlor anticipated the severe attack on Mrs. Smith merely because he specifically provided for beneficiaries suffering from disability and there is evidence that Appellant is mentally incompetent. Even assuming that circumstances after establishment of the Trust and prior to Settlor's death are relevant, the mere fact that Settlor supported Appellant by hiring an attorney when he was charged with nonviolent crimes does not necessarily show that Settlor anticipated an assault on Mrs. Smith. The trial court did not abuse its discretion in finding "by clear and convincing evidence that [Appellant's] assault on his grandmother is a circumstance that was unanticipated by [Settlor]." With respect to that issue, this Court has observed that "no hard and fast rules exist; rather, the most important issue for the trial court is whether the denial of the modification will impair the purpose of the trust. [Cit.]" *Friedman v. Teplis*, supra. Thus, I now turn to a consideration of this latter issue.

Initially I observe that modification of the trust would not frustrate its purpose to provide for Settlor's lineal descendants per stirpes, by eliminating not only Appellant, but also his unborn descendants, from receipt of Trust property. To the contrary, the trial court's treatment of Appellant as predeceased is narrowly tailored to prevent him from receiving a distribution of Trust property and does not affect any of his potential descendants. See *Linkous v. Candler*, 270 Ga. 284 (508 SE2d 657) (1998) (despite renunciation of all life interests, thereby requiring the renounced property to pass as if the renouncing persons were predeceased, class of remaindermen is still not ascertained until the death of the life beneficiaries). If Appellant has any children before Mrs. Smith dies, they will take under the Trust as modified. If he has any children after she dies, they would not take under the Trust either with or without the modification, because only descendants living at the time of Mrs. Smith's death will be eligible to participate in the distribution. Contrary to Appellant's contention, because the trial court's modification did not impair the interests of any unborn children or grandchildren of Appellant, appointment of a guardian ad litem was not necessary. Compare *Friedman v. Teplis*, supra at 723 (3) (where the modification sought would have altered the time at which the trust property

would be distributed).

Moreover, the Trust provides for the descendants of both Mrs. Smith and Settlor, and therefore benefits Mrs. Smith by relieving her of the full burden of that undertaking. Thus, denial of modification would undermine this purpose of the Trust by providing Appellant with a continuing financial incentive to hasten the death of his grandmother and by placing her in fear thereof. Therefore, the trial court did not abuse its discretion in finding, by clear and convincing evidence, that "the purpose of the Trust would be substantially impaired if [Appellant] were permitted to receive benefits from this Trust."

Accordingly, I submit that the trial court did not err in modifying the terms of the Trust and entering judgment in favor of Appellee. The majority incorrectly rules otherwise.

DECIDED MARCH 1, 2010 —
RECONSIDERATION DENIED MARCH 29, 2010.

*Chandler, Britt, Jay & Beck, Walter M. Britt, Luther H. Beck, Jr.,* for appellant.

*Alston & Bird, Nowell D. Berreth, Jay D. Bennett, Andersen, Davidson & Tate, Ethel D. Andersen,* for appellee.